PEOPLE *v.* BALL

CRIMINAL LAW—DUE PROCESS—CONFESSION—VOLUNTARINESS—DE-
LAY IN ARRAIGNMENT.
> A delay in arraignment, during which defendant confessed to
> the crime of which he was accused, did not deprive defendant
> of due process of law and by itself render defendant's con-
> fession involuntary, where the delay was not for prolonged
> interrogatory purposes and without proven justification but
> to check out two different alibis offered by defendant.

Appeal from Recorder's Court of Detroit, Kos-
cinski (Arthur J.), J.    Submitted Division 1 No-
vember 12, 1968, at Detroit.    (Docket No. 2,744.)
Decided December 20, 1968.    Leave to appeal de-
nied June 11, 1969.    See 382 Mich 760.

Thomas Ball was convicted of murder in the sec-
ond degree.    Defendant appeals.    Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Samuel J. Torina,* Chief Ap-
pellate Lawyer, and *Richard J. Padzieski,* Assistant
Prosecuting Attorney, for the people.

*Hanley M. Gurwin,* for defendant on appeal.

PER CURIAM.    Defendant was convicted by a jury
of murder in the second degree.[1]    On appeal he

---

[1] CL 1948, § 750.317 (Stat Ann 1954 Rev § 28.549).

REFERENCES FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law §§ 220, 223, 452–457.
Admissibility of confession as affected by delay in arraignment of
prisoner.    94 ALR 1036, 19 ALR2d 1331.

asserts that prejudicial error was committed at trial when his confessions were admitted into evidence. Defendant alleges that the confessions were not freely given and, assuming arguendo that they were voluntarily given, in light of *People* v. *Hamilton* (1960), 359 Mich 410, the confessions were not admissible for the reason that they were made during a period of illegal detention.

Subsequent to conviction, a *Walker* hearing[2] was conducted by the court and a determination made that the confessions were voluntary. We concur in that determination. At the evidentiary hearing to determine the voluntariness of the confessions, the court inquired into facts and circumstances attending the arrest, detention and ultimate confessions made by defendant prior to arraignment on the warrant. Between the arrest and the confession, a period of approximately 26 hours, the officers checked out 2 different alibis offered by defendant.

Unlike the factual situation in *People* v. *Hamilton, supra,* the record does not support the contention that the delay in arraignment was "done for prolonged interrogatory purposes and without proven justification of the delay." *People* v. *Hamilton, supra,* p 417. The proceedings were still at a stage where there was *bona fide* questioning to determine the immediate issue of release or complaint. The record does not show that defendant was detained for the purpose of sweating a confession. See *People* v. *Ubbes* (1965), 374 Mich 571; *People* v. *Farmer* (1968), 380 Mich 198.

Affirmed.

LESINSKI, C. J., and J. H. GILLIS and BEER, JJ., concurred.

---

2 *People* v. *Walker* (On Rehearing, 1965), 374 Mich 331.