PEOPLE *v.* KELLEY

CRIMINAL LAW—ASSAULT WITH INTENT TO COMMIT RAPE—INCLUDED
OFFENSES—ASSAULT—INSTRUCTIONS TO JURY.
Simple assault and assault and battery are lesser included
offenses in the crime of assault with intent to commit rape,
and it was reversible error for the trial court to fail to
instruct the jury that it could find defendant guilty of either
of these crimes, where the facts alleged and evidence adduced
would support a finding that one of these crimes had been
committed (CLS 1961, § 750.85; CL 1948, § 768.32).

Appeal from Jackson, Gordon Britten, J. Submitted Division 2 February 7, 1969, at Lansing. (Docket No. 5,117.) Decided February 28, 1969.

Leslie Kelley was convicted of assault with intent to commit rape. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Bruce A. Barton,* Prosecuting Attorney, and *Paul R. Adams,* Assistant Prosecuting Attorney, for the people.

*Charles G. Gibbons,* for defendant.

BEFORE: QUINN, P. J., and McGREGOR and V. J. BRENNAN, JJ.

REFERENCES FOR POINTS IN HEADNOTE
44 Am Jur, Rape § 124; 53 Am Jur, Trial § 796 *et seq.*

Per Curiam.   Defendant was tried before a jury on a charge of assault with intent to commit rape, CLS 1961, § 750.85 (Stat Ann 1962 Rev § 28.280), was convicted and sentenced to serve from 5 to 10 years.

The trial court declined to instruct the jury that simple assault and assault and battery are lesser included offenses of the crime charged and that it could find defendant guilty of these crimes.   CL 1948, § 768.32 (Stat Ann 1954 Rev § 28.1055) provides for a jury finding of different degrees of the same offense inferior to the one charged in the indictment.   Simple assault and assault and battery are lesser, included offenses of the crime of assault with intent to commit rape.   *People* v. *Gibbons* (1932), 260 Mich 96.   The facts alleged and evidence adduced here would support a finding that one of these crimes had been committed.   Therefore defendant was entitled to an instruction as to these lesser, included offenses.

This was reversible error and such holding obviates discussion of other alleged errors raised on appeal.

Reversed and remanded for new trial.