PEOPLE v. SEALES

CONSTITUTIONAL LAW—DUE PROCESS—SELF-INCRIMINATION—PRIVI-
LEGE—COMMENT BY PROSECUTION.

> Statement by prosecution during closing argument to jury in trial of defendant for unlawful possession of marijuana that if defendant were accused of unlawful possession of marijuana and he knew that someone else was actually in possession of the marijuana in question, he would have advised the police promptly instead of asserting this for the first time at trial *held* improper comment of defendant's exercise of his right to remain silent in the face of an accusation.

Appeal from Recorder's Court of Detroit, Geraldine Bledsoe Ford, J. Submitted Division 1 February 11, 1969, at Detroit. (Docket No. 4,437.) Decided March 26, 1969.

Carlton N. Seales was convicted of unlawful possession of marijuana. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Thomas P. Smith,* Assistant Prosecuting Attorney, for the people.

*Martin M. Summer,* for defendant.

REFERENCE FOR POINTS IN HEADNOTE
53 Am Jur, Trial § 470.

BEFORE: FITZGERALD, P. J., and R. B. BURNS and BRONSON, JJ.

PER CURIAM. Defendant was tried before a jury for unlawful possession of marijuana.* On direct examination, defendant testified that during their confinement at the police station his friend Alvin Taylor told him he (Taylor) had thrown away a package retrieved by police officers and found to contain marijuana. On cross-examination the prosecutor asked defendant if he "* * * advised them [the police] of what Taylor told you?" Defense counsel promptly moved for a mistrial on the ground that this violated defendant's privilege against self-incrimination. The court denied the motion. During jury argument the prosecutor stated: "Now, the normal thing would have been that if he [defendant] was being accused of having marijuana and someone had admitted having marijuana, he would advise the police officer." Defendant's objection was overruled and the prosecutor then stated: "Now, however, after four or five months, he comes up with the story. These are all things to take into consideration."

These remarks constituted prejudicial comment upon defendant's prior exercise of his well-recognized right to remain silent in the face of accusation or interrogation. Defendant was not required to speak and his exercise of his constitutional right may not be penalized.

Reversed and remanded for new trial.

---

* CLS 1961, § 335.153 (Stat Ann 1957 Rev § 18.1123).