PEOPLE v. MALLORY

1. SEARCHES AND SEIZURES—SEARCH WARRANT—RELIABILITY OF INFORMANT.

   The requirement that an affidavit for a search warrant must show that the person giving the information in that affidavit is reliable applies only when the affiant is relating information received from another person and not when the affiant observed the facts contained in his affidavit.

2. SEARCHES AND SEIZURES—SEARCH WARRANT—AFFIDAVIT—POSSESSION OF NARCOTIC DRUGS.

   That affiant had probable cause to believe, and did believe, that heroin was being unlawfully kept by a named unlicensed

REFERENCES FOR POINTS IN HEADNOTES

[1, 3, 4, 5] 47 Am Jur, Searches and Seizures §§ 21–26.
[2] 47 Am Jur, Searches and Seizures §§ 21, 23.

person at a specified address because affiant had gone to that address with another named person on a specified day, at a specified hour, and his companion had purchased heroin from the named unlicensed person, statutorily and constitutionally supported a finding of probable cause for the issuance of a search warrant (MCLA §§ 780.651, 780.653).

3. SEARCHES AND SEIZURES—SEARCH WARRANT—AFFIDAVIT—ILLEGAL SALE—CONTINUOUS TRANSACTION.

An affidavit for a search warrant must show probable cause existing on the date that it is signed and the search warrant is issued, and an affidavit alleging that on a specified date certain commodities were being sold or served on specified premises in violation of the law cannot support a finding of probable cause for a search warrant where the charge is unlawful sale, where the affidavit date is later than the sale date unless there is a showing of continuous violation between the sale date and the affidavit date.

4. SEARCHES AND SEIZURES—SEARCH WARRANT—AFFIDAVIT—UNLAWFUL POSSESSION.

An affidavit alleging that certain commodities are in the unlawful possession of named persons or were unlawfully sold on certain premises, even though that affidavit states facts occurring before its date, can support a finding of probable cause for a search warrant where the charge is unlawful *possession* of those commodities on the affidavit date.

5. SEARCHES AND SEIZURES—SEARCH WARRANT—POSSESSION OF NARCOTICS—EVIDENCE.

An affidavit alleging that the affiant witnessed a sale of heroin to his companion by defendants on specified premises was sufficient to support a finding of probable cause for a warrant to search the named premises for the unlawful possession of narcotics under a statute providing for the issuance of search warrants to seize any property which is either possessed, concontrolled or used, wholly or partially, in violation of state law or where there is evidence of crime or criminal conduct on the part of any person (MCLA § 780.652).

Appeal from Wayne, James N. Canham, J. Submitted Division 1 November 7, 1969, at Detroit. (Docket No. 6,039.) Decided December 3, 1969. Rehearing denied January 15, 1970.

William Mallory and Rosetta Mallory were convicted of possession of narcotics without a license. Defendants appeal. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Robert A. Reuther,* Assistant Prosecuting Attorney, for the people.

*Bell, Simmons, Gragg, Jarrett & Stephens,* for defendants on appeal.

Before: LESINSKI, C. J., and HOLBROOK and QUINN, JJ.

QUINN, J. Defendants appeal their jury conviction and subsequent sentence for possession of narcotics in violation of MCLA § 335.153 (Stat Ann 1957 Rev § 18.1123). The appeal questions the validity of the search warrant under which the narcotics were seized.

The reasons for defendants' contention that the search warrant was invalid are disclosed in their statement of issues:

"1. Is the unsupported affidavit of a previously untested narcotic user as to reliability and dependability sufficient to satisfy the constitutional requirements necessary to obtain the issuance of a search warrant?

"2. Can an affidavit which fails to state a continuous transaction and which contains facts that indicate a two-day interval between the alleged illegal sale of heroin and the signing of the affidavit be sufficient to support a search warrant?"

In regard to the first issue, it is defendants' position that *Aguilar* v. *Texas* (1964), 378 US 108 (84

S Ct 1509, 12 L Ed 2d 723), and *Spinelli* v. *United States* (1969), 393 US 410 (89 S Ct 584, 21 L Ed 2d 637), require a showing in the affidavit for search warrant that the person giving the information is reliable. This is true, but in both of these cases, the affiant related information received from another person. The Court said the affidavit must contain a showing of the reliability of the affiant's informant. Here the affiant was the person who observed the facts related in the affidavit, and neither *Aguilar* nor *Spinelli* is applicable.

MCLA § 780.651 *et seq.* (Stat Ann 1969 Cum Supp § 28.1259[1] *et seq.*), sets forth the procedure for obtaining search warrants. MCLA § 780.651 (Stat Ann 1969 Cum Supp § 28.1259[1]) reads:

"When an affidavit is made on oath to a magistrate authorized to issue warrants in criminal cases and when the affidavit establishes the grounds for issuing a warrant pursuant to this act, the magistrate, if he is satisfied that there is reasonable or probable cause therefor, shall issue a warrant to search the house, building or other location or place where the property or thing which is to be searched for and seized is situated."

MCLA § 780.653 (Stat Ann 1969 Cum Supp § 28-.1259[3]) reads:

"The magistrate's finding of reasonable or probable cause shall be based upon all the facts related within the affidavit made before him. The affidavit may be based upon reliable information supplied to the complainant from a credible person, named or unnamed, so long as the affidavit contains affirmative allegations that the person spoke with personal knowledge of the matters contained therein."

Paraphrased, the pertinent portion of the affidavit before us states that affiant has probable cause to believe, and does believe, that heroin was unlawfully

kept by a named unlicensed person at a specified address because affiant went to that address with another person (named) on a specified day and hour and that the other person purchased heroin from the named unlicensed person. Statutorily and constitutionally these facts support a finding of probable cause and we hold that the search warrant properly issued.

In support of their contention that an affidavit for a search warrant, which fails to state a continuous transaction and which indicates a two-day interval between the alleged illegal sale of heroin and the signing of the affidavit (which is an accurate characterization of the affidavit before us), is legally insufficient, defendants cite *People* v. *Siemieniec* (1962), 368 Mich 405. That case is not controlling.

*Siemieniec, supra,* like *People* v. *Wright* (1962), 367 Mich 611, and *People* v. *Chippewa Circuit Judge* (1924), 226 Mich 326, involved a search of premises where, allegedly, intoxicants were sold or served in violation of the liquor law. In each of these cases, the Supreme Court held that affidavits which allege the sale of intoxicants some days prior to the dates of the affidavits would not support a finding of probable cause of sale on the dates of the affidavits without a showing of continuous violation between the dates of the alleged sales and the dates of the affidavits. For this reason, the searches involved were held invalid and the Court said that an affidavit for a search warrant must show probable cause existing on the date the affidavit is signed and the search warrant is issued.

*People* v. *Brown* (1927) 240 Mich 59, and *People* v. *Willis* (1928), 243 Mich 164, involved searches of premises where, allegedly, intoxicants were possessed in violation of the liquor law. In each case, the Supreme Court upheld an affidavit which alleged

facts occurring some days prior to the date of the affidavit and found that the affidavit supported a finding of probable cause that on the date of the affidavit intoxicants were unlawfully possessed on the premises.

*Siemieniec, supra,* and *Brown, supra,* are not in conflict. Sale is active; possession is passive. A sale today will not support a finding of probable sale tomorrow, but it may support a finding of probable possession tomorrow.

In this case the crime charged was possession of narcotics. MCLA § 780.652 (Stat Ann 1969 Cum Supp § 28.1259[2]), provides:

"A warrant may be issued to search for and seize any property or other thing which is either: * * *

"(c) Possessed, controlled or used wholly or partially in violation of any law of this state.

"(d) Evidence of crime or criminal conduct on the part of any person."

The affidavit and search warrant in this case meet these statutory requirements.

Affirmed.

All concurred.