PEOPLE v. HERBERT VAN SMITH, JR.

1. CRIMINAL LAW—LESSER INCLUDED OFFENSES—REQUEST TO CHARGE
   JURY—TIMELINESS—DISCRETION.
   Trial judge acted within his discretion in denying defendant's
   request to charge the jury on lesser included offenses where
   the request was made after the conclusion of the instructions
   to the jury (GCR 1963, 516).

2. TRIAL—INSTRUCTIONS TO JURY—TIMELINESS—PURPOSE.
   A request for instructions to the jury must come at or before
   the close of the evidence in order that the trial judge will be
   able to present instructions that are intelligible, coherent and
   accurate (GCR 1963, 516.1).

Appeal from Recorder's Court of Detroit, Joseph
A. Gillis, J. Submitted Division 1 October 6, 1970,
at Detroit. (Docket No. 6861.) Decided February
15, 1971. Leave to appeal granted April 23, 1971,
384 Mich 835.

Herbert Van Smith, Jr., was convicted of break-
ing and entering a business place with intent to
commit larceny. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Dominick R. Carnovale,*
Chief, Appellate Department, and *Arthur N. Bishop,*
Assistant Prosecuting Attorney, for the people.

Herbert Van Smith, Jr., *in propria persona.*

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 53 Am Jur, Trial § 512 *et seq.*

Before: Lesinski, C. J., and Bronson and Engel,* JJ.

Engel, J. Defendant Herbert Van Smith, Jr., and a codefendant were charged with breaking and entering a business place with intent to commit larceny, MCLA § 750.110 (Stat Ann 1970 Cum Supp § 28.305). Defendant Smith was found guilty by a jury and sentenced to 7-1/2 to 10 years imprisonment.

On appeal, counsel for defendant Smith urges reversible error by the trial judge in refusing to instruct the jury on the lesser included offenses of (1) entering a building, without breaking, with intent to commit larceny, MCLA § 750.111 (Stat Ann 1970 Cum Supp § 28.306), and (2) entering a building, without breaking, and without permission, MCLA § 750.115 (Stat Ann 1962 Rev § 28.310).

The record is entirely devoid of any indication that defense counsel requested or was prevented from requesting instructions on lesser included offenses before the commencement of the charge to the jury by the trial judge. The only discussion on the subject came after the judge's charge had been completed, in a colloquy which took place after the jury had been sent to the jury room. The lesser offenses referred to above were then discussed between the court, counsel for the people, and counsel for the defense. Thereafter, the trial judge concluded that under the defendant's proofs he was either innocent altogether or he was guilty of the offense charged in the information. The trial judge also denied the request to charge on lesser included offenses because it was not timely made.

We disagree with the trial court's ruling that neither entering without breaking with intent to

---

* Circuit judge, sitting on the Court of Appeals by assignment.

commit larceny nor entering without breaking and without permission are lesser included offenses under the crime of breaking and entering with intent to commit larceny. *People* v. *Simpson* (1966), 5 Mich App 479. At the same time we find that the judge acted within his discretion in denying the request to charge, coming as it did only after the conclusion of the complete instructions to the jury.

The law of Michigan concerning instructions to juries on lesser included offenses has been a most troublesome one for trial judges in this state. The difficulty stems from the interpretation and application of MCLA § 768.32 (Stat Ann 1954 Rev § 28-.1055), which provides:

"Upon an indictment for any offense, consisting of different degrees, as prescribed in this chapter, the jury may find the accused not guilty of the offense in the degree charged in the indictment and may find such accused person guilty of any degree of such offense, inferior to that charged in the indictment, or of an attempt to commit such offense."

Research reveals very little concerning the reasons for the original passage of the cited law, and it can well be argued that in practice it has little to commend it other than its venerable age. See R S 1846, ch 165, § 13. A fundamental principle of criminal law is that a man accused of a crime is entitled to be informed of the nature of the charge against him so that he might defend himself. This statute would appear to violate that right since it permits a defendant to be convicted of an offense other than that set forth in the information, so long as it is lesser and included, or an attempt. In answer, it can be argued that the statute does not prejudice the defendant because having been put on notice to defend against the principle offense and all of its elements, he is not required to meet any

additional proofs or elements of crime, but simply to suffer a lesser conviction if less than all of the elements of the crime actually charged are proved. It is also a logical inference from a perusal of the statute that the legislature intended, not that the accused himself possessed a right to be convicted of a lesser offense if the principal crime was not proved, but that the jury could so convict him of a lesser offense where the greater was not proved and where the alternative otherwise was to let him go free. Such a construction, however, does not appear supported by the case law on the subject. Uniformly, where there is a timely request to instruct and the instruction requested is on a crime which the law has held is lesser and included within the crime charged, it is reversible error to fail to instruct upon such offense, even though the jury convicted the defendant of the offense charged in the information. *People* v. *Jones* (1935), 273 Mich 430; *People* v. *Simpson, supra; People* v. *Jessie Williams* (1968), 14 Mich App 186; *People* v. *Kelley* (1969), 16 Mich App 332. Conversely, however, it is held not to be error to fail to instruct on lesser included offenses where no request is made at all. *People* v. *Allie* (1921), 216 Mich 133. The Michigan Supreme Court in *People* v. *Lemmons* (1970), 384 Mich 1, decided September 22, 1970, while holding that the trial judge was under no obligation to instruct on lesser included offenses in the absence of a request therefor, still reversed and remanded where the instructions that were given affirmatively excluded lesser and included offenses from the consideration of the jury by instructing that there were no included offenses. Although the opinion in *People* v. *Lemmons, supra,* purported merely to reaffirm the same rule as set down in *People* v. *Jones, supra,* the decision still leaves in doubt the continuing applicability of

*People* v. *Netzel* (1940), 295 Mich 353, unless it can be said to create an exception where the defendant himself, testifying in court at the trial, freely acknowledges the existence of an element of the crime which would make him guilty of the greater offense, if guilty at all.

Thus assuming, as we must here, that we would be compelled to reverse had the trial judge been requested to charge on lesser included offenses before commencing his instructions to the jury, is the same result required here, where the request came afterward?

We think not. Diligent defense counsel surely must be aware of the rule that if he wishes instructions on lesser included offenses he should ask for them and that such request must be timely made. MCLA § 768.29 (Stat Ann 1954 Rev § 28.1052); GCR 1963, 516.1. While a court has an independent right to instruct upon lesser included offenses, even over the objection of defense counsel, *Hanna* v. *People* (1869), 19 Mich 315; *People* v. *Herrera* (1968), 12 Mich App 67, still it is entirely proper and perhaps even to be encouraged that the trial judge refrain from doing so in the absence of a request, and thus not · inject himself into what usually amounts to legitimate trial strategy on the part of both prosecution and defense.

MCLA § 768.29 (Stat Ann 1954 Rev § 28.1052), provides that "the failure of the court to instruct on any point of law shall not be ground for setting aside the verdict of the jury unless such instruction is requested by the accused". Under GCR 1963, 516.1, such request must ordinarily come at or before the close of the evidence. This procedure is designed to enable the judge to satisfy his duties of presenting instructions to the jury that are intelligble, coherent, and accurate. *People* v. *Murray*

(1888), 72 Mich 10; *People* v. *Reece* (1967), 9 Mich App 108. This can only be accomplished if the judge has had an opportunity to consider requests before, and not after the charge. While we would agree that had the trial judge improperly instructed the jury in this case, it would have been incumbent upon him to correct the charge after it was given. *People* v. *Garbutt* (1868), 17 Mich 9; *People* v. *Barrow* (1969), 17 Mich App 624, still such was not the case here. As given the instructions were complete, accurate, and entirely without error to that point. What defendant now claims is that upon their conclusion he had an absolute right to have them reopened and the jury instructed on the lesser included offenses. This would undoubtedly have the effect of destroying the coherence of the charge already given and of tending to place undue emphasis in the minds of the jury upon the new matter thus so tardily injected. *People* v. *Reece, supra.* While GCR 1963, 516 grants the trial judge the discretion to receive tardy requests to charge and to give supplementary instructions, he is not obliged to do so at that stage of the trial on penalty of reversal.

Affirmed.

All concurred.