PEOPLE v. JOHN WESLEY BROWN

1. CRIMINAL LAW—PROSECUTOR'S QUESTIONS—RIGHT TO REMAIN SILENT—CURATIVE INSTRUCTIONS TO JURY.

Allowing the prosecutor to ask a police officer two questions regarding the defendant's decision to exercise his right to remain silent after his arrest was harmless error, if error at all, where, despite the defendant's failure to object or ask for a curative instruction, the court instructed the jury that no adverse inference could be drawn from the defendant's exercise of his right to remain silent, the prosecutor made no other references regarding the defendant's right to remain silent, and the other evidence against the defendant was overwhelming.

2. CRIMINAL LAW—IN-COURT IDENTIFICATION—LINEUP IDENTIFICATION—APPEAL AND ERROR—FAILURE TO OBJECT.

Defendant's failure to object to in-court identifications of him precludes review on appeal of the defendant's claim that the witnesses' identifications of him were based on their viewing him in a lineup conducted during a period of illegal detention.

3. CRIMINAL LAW—INSTRUCTIONS TO JURY—ARMED ROBBERY—INCLUDED OFFENSES.

Failure to instruct the jury on any lesser included offense of the crime of armed robbery was not error where the defendant failed to request an instruction on any lesser included offense, did not object to the charge given, and the court did not affirmatively exclude the jury's consideration of any lesser included offense.

Appeal from Recorder's Court of Detroit, Geraldine Bledsoe Ford, J. Submitted Division 1 Novem-

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 349, 351–353.
[2] 29 Am Jur 2d, Evidence § 371.
[3] 53 Am Jur, Trial §§ 286, 796–802.

ber 9, 1970, at Detroit.   (Docket No. 9035.)   Decided
March 31, 1971.   Leave to appeal denied, 385 Mich
787.

John Wesley Brown was convicted of armed rob-
bery.   Defendant appeals.   Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting   Attorney,   *Dominick   R.   Carnovale,*
Chief, Appellate Department, and *Patricia J. Boyle,*
Assistant Prosecuting Attorney, for the people.

*Arthur J. Tarnow,* State Appellate Defender, for
defendant on appeal.

Before: McGregor, P. J., and Holbrook and
O'Hara,* JJ.

Per Curiam.   Defendant was convicted by a jury
of armed robbery, MCLA § 750.529 (Stat Ann 1971
Cum Supp § 28.797), and from this conviction he
appeals, contending that the conduct of the prose-
cutor was so prejudicial as to deny him a fair trial.
The record indicates that the conduct of the prose-
cutor was not such as to prejudice unduly the de-
fense's case, and the admonition by the trial judge
to the jury to disregard the prosecutor's statements
was sufficient to prevent reversible error.   *People*
v. *Burnstein* (1933), 261 Mich 534; *People* v. *Wil-
liams* (1968), 11 Mich App 62.

During the trial, a police officer testified that, after
having given the defendant his constitutional warn-
ings, the defendant declined to make a statement.

---

* Former Supreme Court Justice, sitting on the Court of Appeals
by assignment pursuant to Const 1963, art 6, § 23 as amended in
1968.

The following colloquy took place between the police officer and the prosecutor:

"*Q.* (*Prosecuting Attorney*): And after you advised him of his rights, did you talk to him further about this?
"*A.* (*Prosecution witness*): Tried to.
"*Q.* And did he decline to answer any questions?
"*A.* He preferred not to make any statements."

At the outset, we note that no objection was made to the question or answers by the defense counsel, and no motion to strike the testimony or request for curative instructions was made. It is oftentimes said that a timely objection at trial to the introduction of allegedly improper evidence is a prerequisite to appellate review. *People* v. *Fry* (1969), 17 Mich App 229. Defendant alleges that, inasmuch as this constituted an impermissible comment upon defendant's previous exercise of his privilege to remain silent, his failure to object does not preclude review upon appeal. *People* v. *Wilson* (1969), 20 Mich App 410.

Other than this brief colloquy between the prosecutor and the police witness, the prosecutor made no other references or argument regarding this defendant's right to remain silent. The judge instructed the jury that the defendant had a right and a privilege to remain silent and that no adverse inference could be drawn from such silence. While not convinced that the above colloquy constituted an abridgement of defendant's right to remain silent, we shall assume that it did, but we find the other evidence against this defendant was overwhelming and, if any error was committed, it was harmless beyond a reasonable doubt. *Chapman* v. *California* (1967), 386 US 18 (87 S Ct 824, 17 L Ed 2d 705), *reh. den.* 386 US 987 (87 S Ct 1283, 18 L Ed 2d 241).

Compare *People* v. *John Willie Williams* (1970), 26 Mich App 218; also *People* v. *Seales* (1969), 16 Mich App 572; also *People* v. *Hicks* (1970), 22 Mich App 446; also *People* v. *Bigge* (1939), 288 Mich 417.

Defendant also raises the issue whether the in-court identifications by witnesses were based upon their identifications at a lineup which was conducted during a period of illegal detention. This Court deems it crucial that the defendant did not make timely objection on this issue. *People* v. *Childers* (1969), 20 Mich App 639. See *People* v. *Adams* (1969), 19 Mich App 131. Furthermore, defendant's brief furnishes no indication that the delay was improper, unreasonable, or was used for the purpose of obtaining evidence against the defendant. See *People* v. *Farmer* (1968), 380 Mich 198; *People* v. *Ball* (1968), 15 Mich App 5.

Defendant's last contention of error is that the trial court excluded from the consideration of the jury a possible verdict on an included offense, citing the recently decided case of *People* v. *Lemmons* (1970), 384 Mich 1. In *Lemmons,* the defendant (as here) was charged with robbery armed. There was no request to charge on the lesser included offense; the charge as given by the court was:

"There are only two possible verdicts as to each defendant. You may find the defendant, naming them individually, guilty of robbery armed or not guilty. There are no included offenses." *People* v. *Lemmons, supra,* p 2.

The Supreme Court held that the trial court erred reversibly when it excluded consideration of any lesser included offenses.

In the instant case, no request to charge on the lesser included offenses was made and no objection to the charge was made, although ample opportunity

was afforded both counsel. Furthermore, defense counsel here made a request to charge as follows:

(Defendant's Request to Charge No. 1) "The information in this case charges the defendant with robbery armed. It is for you to decide whether or not the prosecution has proven a case of robbery armed. If it has not done so in accordance with the law as I shall give it to you, it is your duty to render a verdict of not guilty and acquit the defendant."

It is evident that no request to charge was made regarding any lesser included offenses and the trial judge charged the jury substantially in accord with defendant's request.

Finally, the trial judge did not affirmatively exclude the consideration of any lesser included offenses, as in *Lemmons*. *People* v. *Jones* (1935), 273 Mich 430; *People* v. *Allie* (1921), 216 Mich 133. See *People* v. *Netzel* (1940), 295 Mich 353; *People* v. *John Willie Williams* (1970), 26 Mich App 218; *People* v. *Herbert Van Smith, Jr.* (1971), 30 Mich App 384. No reversible error was committed here.

Trial court is affirmed.