PEOPLE v HERBERT VAN SMITH, JR.

OPINION OF THE COURT

1. CRIMINAL LAW—INSTRUCTIONS—LESSER INCLUDED OFFENSES.

The law is well established that where a request to instruct the jury has been made the duty of the trial judge is determined by the evidence; if the record contains evidence which would support a conviction of a lesser included offense it is reversible error to refuse to give it.

2. BURGLARY—INSTRUCTIONS—LESSER INCLUDED OFFENSES.

A verdict of guilty of the charge of entry without breaking with intent to commit a larceny, or entry without the owner's permission, would have been clearly sustainable where defendant was charged with breaking and entering a business place with intent to commit larceny, defendant testified that he entered the building without breaking in order to get his companion to leave and, at the time of defendant's apprehension, miscellaneous papers and the plant manager's bank book were on his person and hence it was error to refuse defendant's request for instructions to that effect (MCLA 750.110, 750.111, 750.115).

3. CRIMINAL LAW—INSTRUCTIONS—STATUTES—COURT RULES.

Neither in a statute, a section of The Code of Criminal Procedure, nor the applicable court rule is the time for requests for jury instructions prescribed; the statute simply charges the court with the responsibility of instructing the jury and the court rule provides that *written* requests should be made at or before the close of evidence, but neither forecloses oral requests nor limits the time for making them (MCLA 768.29; GCR 1963, 516).

REFERENCES FOR POINTS IN HEADNOTES
[1, 6] 53 Am Jur, Trial § 800.
[2] 13 Am Jur 2d, Burglary § 69.
[3] 53 Am Jur, Trial § 536.
[4, 5] 53 Am Jur, Trial § 827.
[7] 21 Am Jur 2d, Criminal Law § 218.

4. TRIAL—INSTRUCTIONS—OBJECTION—PRESERVING QUESTION—COURT RULES.

That part of the court rule concerning jury instructions which touches objections precludes assigning as error the giving or failing to give an instruction only if the objection is not made before the jury retires to consider its verdict (GCR 1963, 516.2).

5. CRIMINAL LAW—INSTRUCTIONS—LESSER INCLUDED OFFENSES—OBJECTION.

Formal objection to failure to give requested instructions on lesser included offenses was not necessary where the request for instructions was made before the jury began its deliberations.

6. CRIMINAL LAW—LESSER INCLUDED OFFENSES—INSTRUCTIONS—WAIVER.

The court's obligation to instruct the jury on the applicable law gives rise to a right in the jury to be properly instructed whether requested by counsel or not, and whether or not any request be in writing; when the evidence would support a conviction on lesser included offenses the court's failure to instruct thereon can neither be excused nor waived by the parties (MCLA 768.29; GCR 1963, 516).

DISSENTING OPINION

T. E. BRENNAN

7. CRIMINAL LAW—INSTRUCTIONS—LESSER INCLUDED OFFENSES.

*A criminal trial is concerned with the rights of the* defendant; *if the defendant for tactical or other reasons chooses to permit the case to go to the jury on the principal charged offense without mention of lesser included offenses, that, too, is his right.*

Appeal from Court of Appeals, Division 1, Lesinski, C. J., and Bronson and Engel, JJ., affirming Recorder's Court of Detroit, Joseph A. Gillis, J. Submitted April 4, 1972. (No. 2 April Term 1972, Docket No. 53,284-1/2.) Decided October 31, 1972.

30 Mich App 384 reversed.

Herbert Van Smith, Jr., was convicted of break-

ing and entering a business place with intent to commit larceny. Defendant appealed to the Court of Appeals. Affirmed. Defendant appeals. Reversed and remanded for new trial.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Gerard A. Poehlman,* Assistant Prosecuting Attorney, for the people.

*Martin I. Reisig,* Assistant Defender, for defendant on appeal.

T. G. KAVANAGH, J. The defendant was convicted by a jury in Detroit's Recorder's Court of breaking and entering a business place with intent to commit larceny.[1]

His appeal to the Court of Appeals and to this Court raises the question of the propriety of the trial court's refusal to instruct the jury on the lesser included offenses of entering without breaking with intent to commit larceny[2] and entering without breaking without permission.[3]

In its opinion affirming the conviction, the Court of Appeals[4] noted the trial court's error in failing to recognize entry without breaking and entry without permission as lesser offenses included in the principal charge, but excused his refusal to instruct on them on the ground that the request was not made before the judge commenced his charge to the jury and hence was not timely.

We hold that such interpretation of GCR 1963,

---

[1] MCLA 750.110; MSA 28.305.

[2] MCLA 750.111; MSA 28.306.

[3] MCLA 750.115; MSA 28.310.

[4] 30 Mich App 384 (1971).

516 is unwarranted and erroneous and that the requested charge should have been given.

There is no question here, as there was in *People v Wynn,* 386 Mich 627 (1972), whether there was in fact a request to charge. The following colloquy took place immediately after the court instructed the jury:

*"The Court:* * * *
"Now you will retire to the jury room and enter into full discussion of the case. Do not begin your deliberations as there may be further instructions. I'll instruct you when to begin your deliberations.

"You may retire to the jury room.

\*   \*   \*

*"The Court:* Are the People satisfied with the instructions?

*"Mr. La Bret [assistant prosecuting attorney]:* Yes, your Honor.

*"Mr. Fink [attorney for defendant]:* Your Honor, what about lesser and included offenses involved in this?

*"The Court:* Well, what would there be?

*"Mr. La Bret:* Entering without breaking. Is that an included offense?

*"The Court:* He said he wasn't going to steal anything so there's no lesser offense that I can see.

"What lesser offense would there be? He wasn't committing any crime at all according to him.

*"Mr. Fink:* Entering without owner's permission.

\*   \*   \*

*"The Court:* Well, I'll deny it. There was no request prior to this.

"Anything else?

\*   \*   \*

*"The Court:* All right. Open the jury room door.

"There are no further instructions. You may begin your deliberations."

This was a request to charge, made before the jury began deliberations, which was denied by the court.

The trial court's responsibility for instructing the jury as contained in MCLA 768.29; MSA 28.1052 is:

"The court shall instruct the jury as to the law applicable to the case * * * . The failure of the court to instruct on any point of law shall not be ground for setting aside the verdict of the jury unless such instruction is requested by the accused."

The law is well established that where a request has been made the duty of the trial judge is determined by the evidence. If the record contains evidence which would support a conviction of a lesser included offense it is reversible error to refuse to give it. *People v Jones*, 273 Mich 430 (1935).

In the case before us the record contains the defendant's testimony that he entered the building without breaking in order to get his companion to leave. Miscellaneous papers and the plant manager's bank book were on his person at the time of his apprehension.

Under these circumstances a jury verdict of guilty to the charge of entry without breaking with intent to commit a larceny, or entry without the owner's permission would have been clearly sustainable and hence it was error to refuse his request for instruction to that effect.

The Court of Appeals held that the request was not timely made because it was not made before the instruction to the jury was begun.

Neither in the statute nor the applicable court rule, GCR 1963, 516 is the time for such request prescribed. The statute, MCLA 768.29 quoted above, simply charges the court with the responsibility for instructing the jury. The court rule

provides that *written* requests should be made at or before the close of evidence, but neither forecloses oral requests nor limits the time for making them.

That part of the rule (516.2) which touches objections, precludes assigning as error the giving or failing to give an instruction only if the objection is not made before the jury retires to consider its verdict. Here the request was made before the jury began its deliberations, and although no formal objection was made we hold it was not necessary. See *People v Shirk,* 383 Mich 180, 193 (1970).

In *People v Wynn, supra,* where a majority of this Court found that no request had in fact been made, there was dicta to the effect that a request for instruction had to be in writing under GCR 1963. We now hold that the court's obligation to instruct the jury on the applicable law gives rise to a right in the jury to be properly instructed whether requested by counsel or not, and whether or not any request be in writing. When the evidence would support a conviction on lesser included offenses the court's failure to instruct thereon can neither be excused nor waived by the parties.

Reversed and remanded for new trial.

SWAINSON, J., concurred with T. G. KAVANAGH, J.

T. M. KAVANAGH, C. J., and ADAMS and WILLIAMS, JJ., concurred in the result.

T. E. BRENNAN, J. *(dissenting).* I must dissent. The notion that the *jury* has a "right" to be properly instructed is altogether novel. A criminal trial is concerned with the rights of the *defendant.* If the defendant for tactical or other reasons

chooses to permit the case to go to the jury on the principal charged offense, without mention of lesser included offenses, that, too, is his right.

If the jury are now to be regarded as having "rights" with respect to the conduct of the trial, are they to have counsel? And if their "rights" are denied them, are they to be redressed on appeal taken by the jury?

BLACK, J., did not sit in this case.