PEOPLE v COFFEY

1. SEARCHES AND SEIZURES—SEARCH WARRANTS—PROBABLE CAUSE—
AFFIDAVITS—STATUTES.

A search warrant may issue only upon probable cause, the finding of which shall be based upon all the facts related within the supporting affidavit made before the issuing magistrate (MCLA 780.653).

2. SEARCHES AND SEIZURES—SEARCH WARRANTS—AFFIDAVITS—INFOR-
MANTS—STATUTES.

An affidavit presented to a magistrate with a request for a search warrant may be based upon reliable information supplied to the complainant from a credible person, named or unnamed, so long as the affidavit contains affirmative allegations that the person spoke with personal knowledge of the matters contained therein (MCLA 780.653).

3. SEARCHES AND SEIZURES—SEARCH WARRANTS—MAGISTRATES—AFFI-
DAVITS.

A magistrate considering a request for a search warrant is obligated to render judgments based upon common sense readings of the affidavits before him.

4. SEARCHES AND SEIZURES—SEARCH WARRANTS—PROBABLE CAUSE—
AFFIDAVITS—STANDARDS.

Only the probability of criminal activity, and not a prima facie showing, is the standard of probable cause where a search warrant is sought, and affidavits of probable cause are tested by much less rigorous standards than those governing the admissibility of evidence at trial.

5. SEARCHES AND SEIZURES—SEARCH WARRANTS—PROBABLE CAUSE—
AFFIDAVITS.

Affidavits of two police officers contained sufficient facts to sup-

REFERENCES FOR POINTS IN HEADNOTES

[1, 4, 5] 68 Am Jur 2d, Searches and Seizures §§ 41–45.
[2, 3] 68 Am Jur 2d, Searches and Seizures §§ 64–66.
[6] 21 Am Jur 2d, Criminal Law §§ 185, 494.

port a finding of probable cause for issuance of a search warrant where one of them was based on personal observation of unusual activity including the observation of a pry-bar in a car and its subsequent disappearance, apparently having been removed by one of the defendants, and the other detailed the items taken in a breaking and entering, which information did not come from an informant.

6. Criminal Law—Instructions to Jury—Lesser Included Offenses—Evidence.

A trial court's refusal to give an instruction on a lesser included offense is proper where the evidence will not support a conviction of the lesser included offense.

Appeal from Recorder's Court of Detroit, Joseph E. Maher, J. Submitted Division 1 February 12, 1975, at Detroit. (Docket No. 18098.) Decided May 27, 1975. Leave to appeal denied, 395 Mich —.

John V. Coffey was convicted of entering without breaking with intent to commit larceny. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Patricia J. Boyle,* Principal Attorney, Research, Training and Appeals, and *Gerard A. Poehlman,* Assistant Prosecuting Attorney, for the people.

*Carl Ziemba,* for defendant on appeal.

Before: D. E. Holbrook, P. J., and Danhof and N. J. Kaufman, JJ.

D. E. Holbrook, P. J. Defendant and another, at the time of the offense herein both Detroit police officers, were charged with the offense of breaking and entering with intent to commit the crime of

larceny. MCLA 750.110; MSA 28.305.[1] In a joint jury trial both defendants were found guilty of entering without breaking with intent to commit larceny. MCLA 750.111; MSA 28.306.[2] Defendant Coffey appeals as of right his conviction and sentence of a term of four years' probation.

In pretrial proceedings, the trial judge, in a written opinion, denied defendant's motion to quash the search warrant and suppress evidence. The trial judge held that, based on the affidavits submitted with the request for the search warrant, there had been probable cause to issue the warrant.

The affidavit of policeman Gary E. Viles states:

"Gary E. Viles, affiant, now appears before the undersigned Magistrate authorized to issue warrants in criminal cases, and makes this affidavit in support of the issuance of a Search Warrant, to search the following described place: a 1965 Chrysler Sedan, 1970 Michigan license number JVX 973 and a 1963 Dodge Dart convertible, 1970 Michigan license number JTN 818 both located at 10800 Gratiot in the City of Detroit, and to there seize, secure, tabulate and make return thereof

---

[1] MCLA 750.110; MSA 28.305 provides:

"Any person who shall break and enter with intent to commit any felony, or any larceny therein, any tent, hotel, office, store, shop, warehouse, barn, granary, factory or other building, structure, boat or ship, railroad car or any private apartment in any of such buildings or any unoccupied dwelling house, shall be guilty of a felony punishable by imprisonment in the state prison not more than 10 years. Any person who breaks and enters any occupied dwelling house, with intent to commit any felony or larceny therein, shall be guilty of a felony punishable by imprisonment in the state prison for not more than 15 years."

[2] MCLA 750.111; MSA 28.306 provides:

"Any person who, without breaking, shall enter any dwelling, house, tent, hotel, office, store, shop, warehouse, barn, granary, factory or other building, boat, ship, railroad car or structure used or kept for public or private use, or any private apartment therein, with intent to commit a felony or any larceny therein, shall be guilty of a felony punishable by imprisonment in the state prison not more than 5 years, or fined not more than $2,500."

according to law the following property or things which have been used in the commission of, or which constitute evidence of, criminal conduct: a 7.65 Caliber 9 shot Baretta automatic pistol, Model 70, serial number 50346; a bluish-gray Paragon light timer with 12 hour manual setting; a Stanley 2 quart stainless steel thermos, Model Aladdin; a MacIntosh Stereo amplifier and pre-amplifier, Model 5100, serial number 54H38; 1 pair Bushnell Binoculars, 6x12x zoom; 2 Manning-Bowman portable electric heaters, Model numbers 32540 and 32543; a Savage 30-30 lever action rifle; a Springfield double-barrelled 12 guage custom stock shotgun; a Winchester 30-30 lever action rifle; and 1 brass colored metal pry-bar.

"Affiant says that he has probable cause to believe that the above-listed things to be seized are now located upon said described premises, based upon the following facts: On December 26, 1970, at 5:15 a.m., Police Officers Porter W. Plemmons and John Coffey made a report of a Breaking and Entering of a hardware store at 14500 Harper, City of Detroit, that they had discovered while on patrol. At 6:15 a.m., above-named officers, Plemmons and Coffey, came into the Connor Police Station, located at 10800 Gratiot, City of Detroit, to relieve affiant, Gary E. Viles. Affiant saw them as they pulled into the station and saw them drive the scout car to area where their private cars were parked and saw both officers, Plemmons and Coffey, carry objects from trunk of scout car to the trunks of their private cars. The scout car was Scout 15-1. Officer Coffey then relieved Affiant who replaced Officer Coffey in Scout car 15-1 riding with Officer Plemmons. At 6:35 a.m., while Officer Plemmons was in a restaurant, Affiant saw a brass-colored metal pry-bar over the right sun visor. When Officer Plemmons returned to car, Affiant called attention to right sun visor and exposed pry-bar in a manner so as to pretend that he, Affiant, had not seen the pry-bar. At 7:15 a.m., Scout 15-1 returned to the Connor Station, Affiant went inside station. When Affiant returned, Officer Plemmons had driven Scout car 15-1 over to where Patrolman Coffey was in the back lot of the station. The pry-bar was no longer in the car."

The supporting affidavit of Detective Sergeant Glazer states:

"I, Detective Sergeant William Glazer, went to the hardware store located at 14500 Harper in the City of Detroit, which store had been the object of the hereinbefore mentioned Breaking and Entering, and discovered that the following items had been stolen: a 7.65 Caliber 9 shot Baretta automatic pistol, Model 70, serial number 50346; a bluish-gray Paragon light timer with 12 hour manual setting; a Stanley 2 quart stainless steel thermos, Model Aladdin; a MacIntosh Stereo amplifier and pre-amplifier, Model 5100, serial number 54H38; 1 pair Bushnell Binoculars, 6x12x zoom; 2 Manning-Bowman portable electric heaters, Model numbers 32540 and 32543; a Savage 30-30 lever action rifle; a Springfield double-barrelled 12 guage custom stock shotgun; a Winchester 30-30 lever action rifle."

In its written opinion pertaining to the motion to quash the search warrant and the motion to suppress the evidence, the trial court wrote:

"Examination of the affidavits shows the following: Certain articles to be seized are enumerated and described with great particularity as articles used in the commission of a crime, or which constituted evidence of criminal conduct. The conduct is described namely, the breaking and entering of a hardware store. The criminal conduct was, of course the breaking and entering with intent to commit larceny, a successful attempt resulting in the unlawful taking of articles described to be seized. The affiant, Officer Viles, described exactly what happened.

* * *

"Certainly, from his own observation, affiant Viles had good cause to believe, in fact to *know* that there were articles which would be evidence of criminal conduct. Also, to know that these items were, or had been located in the premises to be searched. These premises described as the two private cars belonging to the two defendants, in which they had transported

items from the scout car before they entered the station. The affidavit was definitely based upon *recited facts, not on information* and belief. Affiant, as a police officer in a case involving a breaking and entering could not have *merely concluded* but *realized* the fact of a crimes commission. The affidavit apprised the Magistrate of these facts not of mere conclusions." (Emphasis in original.)

## I

The defendant, in effect, asserts that the trial court's denial of the motion to quash the search warrant and to suppress the evidence was error.[3]

A search warrant may only issue upon probable cause. MCLA 780.651; MSA 28.1259(1). MCLA 780.653; MSA 28.1259(3) provides:

"The magistrate's finding of reasonable or probable cause shall be based upon all the facts related within the affidavit made before him. The affidavit may be based upon reliable information supplied to the complainant from a credible person, named or unnamed, so long as the affidavit contains affirmative allegations that the person spoke with personal knowledge of the matters contained therein."

Defendant is here arguing that the affidavits in support of the claim for a search warrant, particularly that of Officer Glazer, were not substantial enough, or were in contravention of the foregoing

---

[3] The People's statement that: "Appellant specifically conceded that issue below when they stated they had no objection to those items seized under the warrant which were listed therein and when the sole issue litigated below was the propriety of the admission of evidence not listed in the warrant but seized in the course of execution" is inappropriate as the issue has been properly preserved under the motion to quash and suppress through a highly charged and litigated hearing that was longer than many trials. Moreover, the record does not support an assertion of any broad concession on the part of defendant.

statute, so as to not give rise to reasonable or probable cause.

The affidavit of Officer Viles was based upon his own personal observations and thus *Aguilar v Texas,* 378 US 108; 84 S Ct 1509; 12 L Ed 2d 723 (1964), and *Spinelli v United States,* 393 US 410; 89 S Ct 584; 21 L Ed 2d 637 (1969), upon which the defendant relies, are not in point. See *People v Mallory,* 20 Mich App 385, 388; 174 NW2d 10, 11 (1969).

In *People v Rosborough,* 387 Mich 183, 198; 195 NW2d 255, 263 (1972), Justice ADAMS quoted from *People v Fons,* 223 Mich 603, 606; 194 NW 543, 544 (1923), thusly:

> " 'The warrant does not issue from the mere fact of the filing of an affidavit, but from the finding of good cause based on legal evidence. The law contemplates a showing before a magistrate, such a showing as satisfies him that a crime has been committed.' "

The purpose of the complaint or affidavit brought before the magistrate is to determine whether "probable cause required to support a warrant exists". *Aguilar v Texas, supra,* US 113; S Ct 1513; L Ed 2d 727. The Court in *Aguilar,* US 111; S Ct 1512; L Ed 2d 726, wrote:

> "[W]hen a search is based upon a magistrate's, rather than a police officer's, determination of probable cause, the reviewing courts will accept evidence of a less 'judicially competent or persuasive character than would have justified an officer in acting on his own without a warrant,' *Jones v United States,* 362 US 257, 270; 80 S Ct 725, 736; 4 L Ed 2d 697, 708; 78 ALR2d 233 (1960), and will sustain the judicial determination so long as 'there was substantial basis for [the magistrate] to conclude that narcotics were probably present.' *Id.* at

271; S Ct 736; L Ed 2d at 708. As so well stated by Mr. Justice Jackson:

" 'The point of the Fourth Amendment, which often is not grasped by zealous officers, is not that it denies law enforcement the support of the usual inferences which reasonable men draw from evidence. Its protection consists in requiring that those inferences be drawn by a neutral and detached magistrate instead of being judged by the officer engaged in the often competitive enterprise of ferreting out crime.' *Johnson v United States,* 333 US 10, 13–14; 68 S Ct 367, 369; 92 L Ed 436, 440 (1948)."

The magistrate is obligated to render judgments based upon commonsense readings of the affidavits before him. *United States v Ventresca,* 380 US 102, 108; 85 S Ct 741, 745; 13 L Ed 2d 684, 688 (1965), and *Spinelli, supra,* US 415; S Ct 588; L Ed 2d 643. The Court said in *Spinelli* at 419; S Ct 590–591; L Ed 2d 645:

"[T]hat only the probability, and not a prima facie showing, of criminal activity is the standard of probable cause, *Beck v Ohio,* 379 US 89, 96; 85 S Ct 223, 228; 13 L Ed 2d 142, 147 (1964); that affidavits of probable cause are tested by much less rigorous standards than those governing the admissibility of evidence at trial, *McCray v Illinois,* 386 US 300, 311; 87 S Ct 1056, 1062; 18 L Ed 2d 62, 70 (1967); that in judging probable cause issuing magistrates are not to be confined by niggardly limitations or by restrictions on the use of their common sense, *United States v Ventresca,* 380 US 102, 108; 85 S Ct 741, 745; 13 L Ed 2d 684, 688 (1965); and that their determination of probable cause should be paid great deference by reviewing courts, *Jones v United States,* 362 US 257, 270–271; 80 S Ct 725, 735–736; 4 L Ed 2d 697, 707, 708; 78 ALR2d 233, 244 (1960)."[4]

---

[4] Generally see discussion of *Aguilar, Spinelli,* and other relevant factors in *People v Iaconis,* 29 Mich App 443, 454–457; 185 NW2d 609, 614 (1971), *aff'd sub nom, People v Bercheny,* 387 Mich 431; 196 NW2d 767 (1972). *See also United States v Shropshire,* 498 F2d 137, 141 (CA 6, 1974), where the Court wrote:

"In testing the validity of a search warrant, we employ the Su-

Thus, applying the foregoing principles to the case presently before us, we hold that there were sufficient facts in the affidavits to support a finding of probable cause on the part of the magistrate. The affidavit of Viles was based upon personal observation and, notwithstanding the argument of defense counsel that it is not unusual activity for police officers to conduct personal business, and thus, presumably, in turn, be carrying boxes of material from their police cars to private cars in the early hours of the morning, we find that this may be said to be abnormal activity which is a factor of consideration. See *Spinelli, supra,* US 418; S Ct 590; L Ed 2d 645. Of substantial import is the observation of the pry-bar in the scout car by affiant Viles and its subsequent disappearance, apparently having been removed by one of the defendants.

The affidavit of Glazer said that he "discovered" that the specified items had been taken. This discovery may have been, although doubtfully, through his own investigation or may have come from a description given by the owner of the hardware store. Even if the description did come from the owner of the hardware store, he was not an informant and, thus, *Spinelli* and *Aguilar* are distinguishable.[5]

---

preme Court's rule that affidavits for search warrants are to be interpreted in a 'commonsense and realistic fashion,' and that '[a] grudging or negative attitude by reviewing courts toward warrants will tend to discourage police officers from submitting their evidence to a judicial officer before acting.' *United States v Ventresca,* 380 US 102, 108; 85 S Ct 741, 746; 13 L Ed 2d 684, 689 (1965); *see United States v Harris,* 403 US 573, 577; 91 S Ct 2075; 29 L Ed 2d 723, 730 (1971), *Spinelli v United States,* 393 US 410, 419; 89 S Ct 584, 590–591; 21 L Ed 2d 637, 645 (1969), *Aguilar v Texas,* 378 US 108, 110–111; 84 S Ct 1509, 1512; 12 L Ed 2d 723, 726 (1964), *United States v Williams,* 459 F2d 909, 913 (CA 6, 1972)."

[5] Likewise, defendant's reliance upon *Henry v United States,* 361 US 98; 80 S Ct 168; 4 L Ed 2d 134 (1959), is misplaced as that case involved the authority of Federal officers to make arrests without

A commonsense reading of the affidavits discloses that they give adequate grounds for the issuing of a search warrant. To say that they, taken together, were insufficient to provide such grounds would be to do judicial detriment to the entire scheme providing for the issuance of search warrants.

## II

Defendant also asserts that error was committed by the trial judge in refusing to give a requested instruction on entry without the owner's permission, under MCLA 750.115; MSA 28.310, which provides:

"Any person who shall break and enter, or shall enter without breaking, any dwelling, house, tent, hotel, office, store, shop, warehouse, barn, granary, factory or other building, boat, ship, railroad car or structure used or kept for public or private use, or any private apartment therein, or any cottage, clubhouse, boat house, hunting or fishing lodge, garage or the out-buildings belonging thereto, or any other structure, whether occupied or unoccupied, without first obtaining permission to enter from the owner or occupant, agent, or person having immediate control thereof, shall be guilty of a misdemeanor: Provided, That this section shall not apply to entering without breaking, any place which at the time of such entry was open to the public, unless such entry has been expressly denied.

*"This section shall not apply in cases where the breaking and entering or entering without breaking were committed by a peace officer or some one under his direction in the lawful performance of his duties as such peace officer."* (Emphasis supplied.)

warrants and not a search conducted pursuant to a warrant therefor issued by a magistrate.

This statute by its terms is inapposite as the defendant and co-defendant were police officers.

Defendant cites as authority *People v Herbert Van Smith Jr,* 388 Mich 457; 203 NW2d 94 (1972). The Court wrote at 462; NW2d 96: "When the evidence would support a conviction on lesser included offenses the court's failure to instruct thereon can neither be excused nor waived by the parties." A review of the record herein does not disclose, bringing to bear all sense of reason, that the evidence would have supported a conviction of entry without the owner's permission under the quoted statute. *Cf. People v Wimbush,* 45 Mich App 42, 49; 205 NW2d 890, 894 (1973), and *People v Burton,* 46 Mich App 20, 24; 207 NW2d 415, 417 (1973). Only one of three possible conclusions under the facts existed: (1) the defendant and co-defendant broke and entered with intent to commit larceny; (2) they entered without breaking with intent to commit larceny; or (3) they entered, as they testified, simply to investigate a possible burglary and were guilty of nothing.

Affirmed.