PEOPLE v. NETZEL.

1. CRIMINAL LAW—FELONIOUS ASSAULT—INSTRUCTIONS—LESSER OF-
   FENSES.
     In prosecution for felonious assault in which the fact of de-
     fendant's being armed was freely admitted, instruction of
     trial court that defendant was either guilty or not guilty of
     the crime charged, thereby limiting consideration of jury to
     crime charged, was not error in the absence of evidence from
     which jury might have found defendant guilty of a lesser
     offense (Act No. 328, § 82, Pub. Acts 1931).

2. INDICTMENT AND INFORMATION—ERRONEOUS REFERENCE TO STAT-
   UTE—SURPLUSAGE.
     Information, charging felonious assault, which was worded in
     the language of the statute sufficiently informed defendant
     of the charge against him notwithstanding it concluded with
     a reference to another section of the statute, as such erroneous
     reference was mere surplusage (Act No. 328, §§ 82, 84, Pub.
     Acts 1931).

CHANDLER, WIEST, and BUTZEL, JJ., dissenting.

Appeal from Oakland; Holland (H. Russel), J.
Submitted June 13, 1940. (Docket No. 100, Cal-
endar No. 41,167.) Decided November 13, 1940. Re-
hearing denied February 7, 1941. Certiorari denied
by Supreme Court of the United States June 2, 1941.
Reconsideration denied by Supreme Court of Michi-
gan June 12, 1941.

Adolph Netzel was convicted of assault without
intending to commit murder, and without intending
to inflict great bodily harm less than the crime of
murder. Affirmed.

*Johnson & Johnson,* for appellant.

*Thomas Read,* Attorney General, *Edmund E.
Shepherd,* Assistant Attorney General, *Charles L.
Wilson,* Prosecuting Attorney, and *Donald C. Nog-*

*gle* and *Luther Harvey Lodge,* Assistant Prosecuting Attorneys, for the people.

BUTZEL, J. *(dissenting).* Defendant was convicted of assault with a deadly weapon without intending to commit murder and without intending to inflict great bodily harm less than murder. He was the owner of a used auto parts business in the city of Pontiac and had suffered a number of thefts of parts from his yard. He and an employee set watch to apprehend the thieves, and were thus engaged early in the morning of January 21, 1939, when one William Hall and some friends stopped on a street adjoining the yard to leave one of the party at his home. As the friend was about to alight from the car, defendant drove his car up alongside of them, and defendant's employee displayed a gun and at the same time asked what they were doing there. Without responding, Hall ordered his companions to crouch down in the car and he sped away over icy pavement toward the police station. Defendant and his employee followed in hot pursuit, and the prosecution's witnesses claim that three or four shots were fired at their fleeing automobile and that one shot dented the rear license plate. Defendant testified in his own behalf that his employee fired two shots into the ground, and that "he did fire them on the ground because he fired them very quickly  *  *  *  out of his particular window of the car and unless he was a contortionist, he couldn't have possibly reached around the windshield there at that particular time and hit the license tag."

When both cars arrived at the police station, defendant and his employee were disarmed. He had no gun permit nor was he deputized to make arrests. Defendant, although not an attorney, chose to defend himself. After his conviction by a jury, he engaged counsel to prosecute this appeal.

There is no merit in the argument that the accused had no means of knowing under which statute he was being prosecuted because the information was worded according to Act No. 328, § 82, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 17115-82 *et seq.,* Stat. Ann. § 28.277 *et seq.*), but it concluded with a reference to section 84 of the same act. The concluding reference to the section of the statute under which the charge is based is mere surplusage. *People* v. *Lane,* 124 Mich. 271; *People* v. *Murn,* 220 Mich. 555. See, also, 3 Comp. Laws 1929, § 17261 (Stat. Ann. § 28.987), and 3 Comp. Laws 1929, § 17273 (Stat. Ann. § 28.999). The language of the information clearly informed defendant of the charge against him.

Error is assigned to the court's charge to the jury. Defendant submitted no requested instruction. The situation is covered by statute, 3 Comp. Laws 1929, § 17322 (Stat. Ann. § 28.1052):

"It shall be the duty of the judge to control all proceedings during the trial, and to limit the introduction of evidence and the argument of counsel to relevant and material matters, with a view to the expeditious and effective ascertainment of the truth regarding the matters involved. The court shall instruct the jury as to the law applicable to the case and in his charge make such comment on the evidence, the testimony and character of any witnesses, as in his opinion the interest of justice may require. *The failure of the court to instruct on any point of law shall not be ground for setting aside the verdict of the jury unless such instruction is requested by the accused.*"

The instruction now assailed was as follows:

"Under the charge that I have given you and under the proofs, as produced, there are only two possible verdicts, one of guilty as charged, the other, not guilty."

The objection is that lesser offenses are included within .the crime charged (*Hanna* v. *People,* 19 Mich. 316; *People* v. *Durham,* 170 Mich. 598; *People* v. *Burk,* 238 Mich. 485; *Fish* v. *People of the State of Michigan* (C. C. A.), 62 Fed. [2d] 659), and that the instruction given erroneously excluded the possibility of a verdict of guilty of an inferior crime. Section 17325, 3 Comp. Laws 1929 (Stat. Ann. § 28.1055), provides:

"Upon an indictment for any offense, consisting of different degrees, as prescribed in this chapter, the jury may find the accused not guilty of the offense in the degree charged in the indictment and may find such accused person guilty of any degree of such offense, inferior to that charged in the indictment, or of an attempt to commit such offense."

Ordinarily the failure to instruct the jury that they may find the defendant guilty of inferior crimes included within the crime charged is not a ground for setting aside the verdict unless requested charges are submitted and refused. *People* v. *Allie,* 216 Mich. 133; *People* v. *Collins,* 216 Mich. 541; *People* v. *Manchester,* 235 Mich. 594; *People* v. *Burk, supra; People* v. *Jones,* 273 Mich. 430. However, in *People* v. *Jones, supra,* Justice FEAD pointed out that "the rule does not excuse improper instructions." In the case before us, as in the *Jones Case,* the trial court did more than fail to charge upon the included offenses, but affirmatively excluded them from the jury's consideration. This was improper because the statute (3 Comp. Laws 1929, § 17325 [Stat. Ann. § 28.1055]) expressly authorized the jury to find defendant guilty of a lesser offense than the degree of assault charged.

The statute protects the accused by giving the jury a leeway to convict him of a lesser offense when they are convinced that a crime has been committed,

although they may have some doubt that the proofs make out the major crime. When the possibility of returning a verdict of an included offense is excluded, rather than exonerate the accused completely, they might convict him of the major charge. Defendant was denied the protection the statute accords.

Other claims of error need not be discussed. Those that have a semblance of merit will not occur on a new trial.

For the erroneous charge, we should reverse the judgment of conviction, and should grant a new trial.

CHANDLER and WIEST, JJ., concurred with BUTZEL, J.

NORTH, J. Mr. Justice BUTZEL, relying upon *People* v. *Jones*, 273 Mich. 430, has written for reversal. I am unable to agree either in the result reached or that the decision in the *Jones Case* is at all applicable to the instant case. The question under consideration is whether the circuit judge's failure to charge the jury with reference to a lesser offense included in the charge against defendant of having made an assault while armed with a dangerous weapon, was reversible error.

In the *Jones Case* the defendant was convicted of rape and there was reversal in this Court on the ground that the trial judge withheld from consideration of the jury the lesser included offenses—*i. e.*, assault with intent to commit rape and assault and battery. The facts, as to which there was conflicting testimony, are outlined in our opinion in the *Jones Case* as follows:

"The people's claim is that about 1:30 o'clock in the morning of September 28, 1934, four men in an automobile accosted the complaining witness,

dragged her into the car, took her by force to a room in an apartment hotel, defendant was in the room and, while two of them, Louis Shermataro and Nate Simmons, held her, defendant criminally assaulted her, as did the others afterward.

"Defendant's claim is that the complaining witness came voluntarily to his room between 1:30 and 2 o'clock with Nate Simmons, defendant and Shermataro then being in the room; the other men left for a few minutes and, during their absence, defendant and complainant cohabited with her full consent."

Obviously, if the act of intercourse was with the complaining witness's "full consent" (as defendant testified), the crime of rape was not committed. But if the four men "dragged her into the car," which the jury might have found to be the fact, the offense of assault and battery was then and there committed, and this was the only offense committed if thereafter the course of conduct of the complaining witness was voluntary. If, however, against her will the men took the woman to the hotel room in anticipation of raping her, then there was committed an assault with intent, notwithstanding when complaining witness was later left alone in the room with Jones she (he testified) consented to sexual intercourse. Hence, under the conflicting testimony, it was clearly a question of fact for the jury in the *Jones Case* as to which of the three offenses, if any, was established beyond a reasonable doubt.

But in the instant case if an assault was committed at all, the additional element of being armed at the time with a dangerous weapon was freely admitted by defendant who took the witness stand in his own behalf. As to this element of the offense charged in the instant case there was no issue for the jury, because the defendant testified: "I was in pos-

session of these firearms on the night or on the morning of January 21st. They were in my car. The rifle I was pointing out of the car window. Mr. Lawrence had the possession of this automatic pistol."

Under the above testimony given by defendant, if he committed any assault in violation of law, he committed it while armed with a dangerous weapon; and the trial court was not in error in instructing the jury: "there are only two possible verdicts, one of guilty as charged, the other, not guilty."

"Where, under the proofs in a homicide case, the killing is shown to have been committed by lying in wait, and by a preconceived plan willfully and deliberately to take life, it is not error to instruct the jury that, if the respondent is guilty at all, he is guilty of murder in the first degree." *People* v. *Repke* (syllabus), 103 Mich. 459.

"Under the evidence, the court was justified in instructing the jury that, if the respondents were guilty at all, they were guilty of murder in the first degree." *People* v. *Fuhrmann* (syllabus), 103 Mich. 593.

"One who induces another, by promise of reward, to lie in wait and commit homicide, is guilty of murder in the first degree, and a jury, in passing upon his guilt, is properly limited to the consideration of that offense." *People* v. *Nunn* (syllabus), 120 Mich. 530.

"To instruct the jury in a criminal case that the defendant cannot properly be convicted of a crime less than that charged, or to refuse to instruct them in respect to the lesser offences that might, under some circumstances, be included in the one so charged—there being no evidence whatever upon which any verdict could be properly returned except one of guilty or one of not guilty of the particular

offence charged—is not error; for the instructing or refusing to instruct, under the circumstances named, rests upon legal principles or presumptions which it is the province of the court to declare for the guidance of the jury." *Sparf & Hansen* v. *United States,* 156 U. S. 51, 103 (15 Sup. Ct. 273).

I agree with Mr. Justice BUTZEL that the other alleged errors are without merit and would not justify reversal. The conviction and sentence are affirmed.

BUSHNELL, C. J., and SHARPE and McALLISTER, JJ., concurred with NORTH, J. The late Justice POTTER took no part in this decision.