PEOPLE v. JESSIE WILLIAMS

1. CRIMINAL LAW — TRIAL — INSTRUCTIONS — LESSER INCLUDED OFFENSE.

A right to an instruction on a lesser included offense depends upon the evidence; if evidence has been presented to support a conviction of the lesser offense, failure to do so constitutes reversible error.

2. SAME—TRIAL—INSTRUCTIONS—LESSER INCLUDED OFFENSE.

Failure of trial judge in prosecution for armed robbery to instruct on the lesser offense of larceny from a person *held*, reversible error where the evidence relative to defendant was sufficient to support a conviction of him of an included offense of larceny from a person.

3. SAME—LINEUP—DUE PROCESS.

The rights of defendant charged with armed robbery are not violated where there are two lineups, one consisting of defendant, two codefendants, one juvenile involved in a crime, and two others, and another consisting of defendant, all of his codefendants, and four others.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 53 Am Jur, Trial § 796.
[3] 21 Am Jur 2d, Criminal Law § 368.

Appeal from Wayne, Gilmore (Horace W.), J. Submitted Division 1 March 6, 1968, at Detroit. (Docket No. 2,125.)   Decided October 25, 1968.

Jessie Williams was convicted of armed robbery. Defendant appeals. Reversed and remanded for a new trial.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Luvenia D. Dockett,* Assistant Prosecuting Attorney, for the people.

*John H. Huchla, Jr.,* for defendant.

ANDREWS, J.   Defendant was convicted by a Wayne county jury of robbery armed* for robbery of a wallet from the complaining witness. He contends that reversible error was committed in several respects by the trial judge. We consider only one in detail since it alone requires a new trial.

The facts and circumstances necessary to a decision as disclosed by the record, are these:

Defendant was one of four defendants jointly charged and tried. He and two others were represented by the same court-appointed counsel. The fourth defendant had separate counsel.

About midnight on September 4, 1965, as he was leaving a barbeque restaurant in the city of River Rouge, the complainant was attacked by several persons armed with weapons variously described as a pipe, jack handle, bottles and sticks. During the incident his wallet was taken. He could identify no one. His wife came to his aid. She testified that she saw each of the four defendants strike her hus-

---

* CLS 1961, § 750.529 (Stat Ann 1968 Cum Supp § 28.797).

band and that each of them had a weapon, but she could not state which defendant had which weapon. She saw the wallet taken by an unidentified person during the attack. The wallet was recovered by a River Rouge police officer from the Ecorse police department and returned to the complainant.

The testimony is contradictory as to the actions of the defendant. In addition to the testimony of the wife that he struck her husband with some sort of weapon, there was testimony that he stood on the sidewalk talking to persons not involved in the incident. There was testimony that he assisted in breaking up the affair and helped the complainant to his feet. There was testimony that the wallet fell out of the complainant's pocket and was picked up by one of the juveniles involved in the affair who ran off with it. The other juvenile involved testified as follows:

"Well, this is what happened after the man was on the floor  *  *  *  Willie he started kicking at him  *  *  *  [Jessie] wasn't there, then.  *  *  * After I swung at him and missed and then that bottle—that bottle almost got me, you know, so I went across the street and I was walking towards the car and that lady came out screaming and stuff, you know. And so then I stopped, you know, and they kept on beating him and then Jessie, Willie, and Clyde, they wanted to try to help the man up. That is when I saw Jessie go over there.  *  *  * I know the man got pick-pocked (sic).  *  *  * [I] saw Jessie Williams take his wallet when he was trying to help the man up."

The trial judge refused to instruct on larceny from the person. The offense of larceny from the person is a lesser included offense in a charge of robbery. *People* v. *Kolodzieski* (1927), 237 Mich 654. Where

a request is made to instruct on a lesser offense, the right to the instruction depends upon the evidence.

"If evidence has been presented to support a conviction of the lesser offense, the requested instructions must be given; failure to do so would constitute error. *People* v. *Jones* (1935), 273 Mich 430." *People* v. *Stevens* (1968), 9 Mich App 531, 533, 534. *People* v. *Simpson* (1966), 5 Mich App 479.

We believe that the evidence relative to defendant was sufficient to support a conviction of him of the included offense of larceny from the person, and that under the above authorities it was reversible error to refuse to give the requested instruction. *People* v. *Simpson, supra.*

Defendant challenges the lineup procedures because a larger number of persons were not included, particularly persons not connected with the investigation. A week after the incident, the River Rouge police department conducted two lineups. Defendant, two other defendants, one of the juveniles and two others were in the first lineup. The wife identified the three defendants and one of the others. At the second lineup held later the same day, the four defendants were present together with four others who were at the scene. The wife identified the four defendants and two others, and at the trial she identified the four defendants.

We find no basis for holding that either lineup violated any rights of defendant. This Court in *People* v. *Schrader* (1968), 10 Mich App 211, approved a lineup where the accused was ordered to speak and was the only one in the lineup who had a distinguishing physical characteristic. *United States* v. *Wade* (1967), 388 US 218 (87 S Ct 1926, 18 L Ed 2d 1140), cited by defendant has no application to this 1965 case of Williams. *People* v.

*Schrader, supra.* Moreover, the *Wade* court did not condemn the kind of lineup procedure used here, but simply held that the accused had a right under the Sixth Amendment to the Federal Constitution to have an attorney present.

We need not consider defendant's claims regarding nonproduction of a *res gestae* witness and concerning the denial of a defendant's motion for a mistrial in view of the disposition herein made.

Reversed and remanded for a new trial.

LESINSKI, C. J., and LEVIN, J., concurred.