PEOPLE v. LEMMONS.

1. Criminal Law—Trial—Instructions to Jury.
   A conviction of crime may be reversed even in the absence of a request to charge if the charge omits an essential legal ingredient and is erroneous and misleading as opposed to a charge that merely omits a pertinent though not legally necessary point.

2. Same—Lesser Included Offenses—Instructions to Jury.
   A trial court does not err in failing to charge with respect to lesser included offenses in the absence of a request so to charge by defendant.

Appeal from Recorder's Court of Detroit, Krause (Paul E.), J. Submitted Division 1 June 6, 1967, at Detroit. (Docket No. 1,550.) Decided September 24, 1968. Leave to appeal granted March 19, 1969. 381 Mich 810.

Melvin Lemmons was convicted of robbery armed. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Luvenia D. Dockett,* Assistant Prosecuting Attorney, for the people.

*Wilfred C. Rice,* for defendant.

References for Points in Headnotes
[1] 53 Am Jur, Trial § 515.
[2] 53 Am Jur, Trial § 797.

THORBURN, J.  The order of conviction and sentence appealed from are affirmed.

On December 5, 1964, a warrant issued and the defendant Melvin Lemmons was arraigned on a charge of robbery armed.[1]  The defendant was convicted September 10, 1965, by jury trial.  On September 24, 1965, the defendant was sentenced to a minimum term of 5 years and a maximum term of 25 years in prison, after receiving credit for one year of repose in the Wayne county jail.

The complaining witness, the owner of a small grocery, identified the defendant as one of two men who robbed him at gunpoint.  The arresting police officers testified that at the time of the arrest the defendant had in his possession a loaded .32 caliber pistol similar to the one used in the holdup, a number of checks identified as those stolen in the robbery, and a driver's license belonging to the complaining witness.

Defendant on appeal presents 41 questions.

Of these claimed errors, one is worthy of discussion:

Did the court err in instructing the jury that there are no included offenses [in the crime of robbery armed]?

The pertinent part of the charge is as follows:

"There are only two possible verdicts as to each defendant.  You may find the defendants, naming them individually, guilty of robbery armed or not guilty.  There are *no* included offenses."  (Emphasis added.)

The defense was to the effect that the defendant was not one of those present at the scene who perpetrated the crime.  No evidence was submitted to support a charge which included lesser offenses of

1 CLS 1961, § 750.529 (Stat Ann 1968 Cum Supp § 28.797).

"unarmed robbery", "attempted robbery" and "assault and battery".

No request was made by the defendant that these lesser included offenses be included in the charge.

Even with the request absent, a case may still be reversed because the charge omits an essential legal ingredient and is erroneous and misleading as opposed to a charge that merely omits a pertinent though not legally necessary point. *Cf. People* v. *Guillett* (1955), 342 Mich 1, 7.

All of the elements necessary for a conviction of "robbery armed" and all pertinent points were included in the charge given. The record disclosed facts upon which the jury could base a conviction. Inclusion of a charge of one or more of these lesser offenses could have resulted in a compromise verdict, a miscarriage of justice, and reversal.

This court has followed the rule that absent a request to charge by the defendant, a trial court does not err in failing to charge with respect to lesser included offenses. *People* v. *Thomas* (1965), 1 Mich App 444; *People* v. *Jebb* (1966), 3 Mich App 118; and *People* v. *Camak* (1967), 5 Mich App 655.

CL 1948, § 768.29 (Stat Ann 1954 Rev § 28.1052) provides:

"The failure of the court to instruct on any point of law shall not be ground for setting aside the verdict of the jury unless such instruction is requested by the accused."

The charge was not erroneous or misleading, and contained all of the elements and pertinent points necessary to the crime charged. *People* v. *Guillett, supra.* No request was made by defendant for lesser included offenses, and the failure to include such a charge is not error.

J. H. GILLIS, P. J., and McGREGOR, J., concurred.