PEOPLE v. MEMBRES

OPINION OF THE COURT

1. ROBBERY—INCLUDED OFFENSE—LARCENY FROM A PERSON.
   Larceny from a person is an included offense of armed robbery (MCLA §§ 750.357, 750.529).

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 6]  46 Am Jur, Robbery § 3.
[2, 5, 7]  21 Am Jur 2d, Criminal Law § 226.
   53 Am Jur, Trial § 796 et seq.
[3, 8]  21 Am Jur 2d, Criminal Law § 226.
[4]  21 Am Jur 2d, Criminal Law §§ 136, 226.
[9]  53 Am Jur, Trial §§ 286, 796, 797.
[10]  53 Am Jur, Trial §§ 796–802.

2. CRIMINAL LAW—INSTRUCTIONS TO JURY—LESSER INCLUDED OF-
FENSES.

    The duty of the judge to instruct the jury on lesser included
offenses of the offense charged is determined by the evidence
in the case; where no evidence has been presented to support a
conviction of the lesser offenses, the judge should refuse to give
a requested instruction as to the lesser offenses.

3. CRIMINAL LAW—LESSER INCLUDED OFFENSES—DUE PROCESS—NO-
TICE—STATUTES.

    The statute allowing the jury to return a verdict on a lesser
offense than the one charged does not *empower* the jury to find
a defendant guilty of lesser offenses or attempt "for any
offense, consisting of different degrees" even where there is
no evidence to support the conviction, but is merely declar-
atory of the longstanding rule that the due process notice
requirement is not violated by convicting an accused of a
lesser included offense than the one charged because lesser
included offenses can have no other element than those in the
principal charge (MCLA § 768.32).

4. ROBBERY—LESSER INCLUDED OFFENSES—DEFENSES—ALIBI.

    A defense of alibi to a charge of armed robbery does not, *per se,*
mean that a defendant is precluded from being convicted of
a lesser offense; the trier of fact may disbelieve a defendant's
*alibi* but nevertheless find that a disputed element of the
principal charge was not proven.

5. CRIMINAL LAW—INSTRUCTIONS TO JURY—LESSER INCLUDED OF-
FENSES—EVIDENCE.

    An instruction to the jury that affirmatively excludes lesser includ-
ed offenses is error only when evidence produced would support
a conviction on lesser included offenses, so that it would be
error to refuse a request by the defendant for instruction on
the lesser included offenses; where the evidence produced
would not support a conviction on lesser included offenses an
instruction which affirmatively excludes lesser offenses or the
court's refusal to give requested instructions on those offenses
is not error.

6. ROBBERY — ARMED ROBBERY — LESSER INCLUDED OFFENSES — IN-
STRUCTIONS TO JURY — EVIDENCE.

    An instruction to the jury that there were two possible verdicts—
guilty of armed robbery or not guilty—was not error where
the evidence undisputedly showed that two men armed with
a dangerous weapon forcibly took money in the presence of
and from the person of the complainant because if a crime

was committed at all, it was armed robbery (MCLA § 750-.529).

DISSENT BY LESINSKI, C. J.

7. CRIMINAL LAW—LESSER INCLUDED OFFENSES—INSTRUCTIONS TO JURY—STATUTES.

*The statute that authorizes the jury to return a verdict on a lesser included offense than that charged gives defendants the right to have the jury instructed on lesser offenses; where the elements of the principal charge have been shown it is error for the court to refuse a requested instruction on the lesser offense because unless a lay jury is apprised that it can return a verdict on a lesser offense, it is effectively prevented from exercising its statutory authority (MCLA § 768.32).*

8. CRIMINAL LAW—LESSER INCLUDED OFFENSES—DEFINITION.

*Lesser included offenses, by definition, are committed when the greater offense is completed, and every completed offense must include a successful attempt to commit the crime.*

9. CRIMINAL LAW—EVIDENCE—LESSER INCLUDED OFFENSES.

*To announce that no evidence is presented to support a guilty verdict merely because the additional elements of the greater offense have been shown is inconsistent with the definition of lesser included offenses; the finder of fact may still find the commission of a lesser included offense even where evidence has been produced which would support a conviction on the principal offense charged if the jury disbelieves the evidence produced or finds that evidence insufficient to support the principal charge.*

10. CRIMINAL LAW—INSTRUCTIONS TO JURY—LESSER INCLUDED OFFENSES.

*The rule against affirmative exclusion of lesser included offenses should be expanded to require reversal where the court, upon request to instruct on lesser included offenses, remains silent on included offenses without express limitation of possible verdicts; failure to apprise the lay jury of lesser offenses effectively prevents the jury from returning a verdict on a lesser included offense than the principal offense charged, and whether there was an affirmative exclusion of lesser offenses is irrelevant.*

Appeal from Genesee, Philip C. Elliott, J. Submitted Division 1 April 7, 1971, at Detroit. (Docket No. 8040.) Decided June 21, 1971. Leave to appeal denied, 386 Mich 790.

George Membres was convicted of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief Assistant Prosecuting Attorney, for the people.

*Robert M. Crites,* for defendant on appeal.

Before: LESINSKI, C. J., and V. J. BRENNAN and DANHOF, JJ.

V. J. BRENNAN, J. The defendant was convicted by a jury of armed robbery[1] and appeals as of right.

Briefly, the evidence adduced at trial showed that the defendant and another man entered a grocery store, pointed a shotgun at the owner, and took money from the cash register and the owner's wallet. The defense was alibi.

At the trial the defendant requested the court to instruct the jury on the lesser included offense of larceny from the person.[2] The court denied this request and instructed the jury as follows:

"The possible verdicts in this case are simply two: either not guilty or guilty of robbery armed."

The sole issue on appeal is whether the court properly refused the requested instruction, and if so, whether the instruction actually given was correct.

Larceny from a person is an included offense of armed robbery. *People* v. *Jessie Williams* (1968), 14 Mich App 186. The duty of a judge to instruct

---

[1] MCLA § 750.529 (Stat Ann 1971 Cum Supp § 28.797).
[2] MCLA § 750.357 (Stat Ann 1954 Rev § 28.589).

on lesser included offenses is determined by the evidence in the case. *People* v. *Stevens* (1968), 9 Mich App 531; *People* v. *Norman* (1968), 14 Mich App 673. If no evidence has been presented to support a conviction of the lesser offense, the requested instruction should be refused. *People* v. *Hearn* (1958), 354 Mich 468; *People* v. *Utter* (1921), 217 Mich 74; *People* v. *Milhem* (1957), 350 Mich 497.

A review of the record in the present case indicates that there was no evidence whatever to support a charge of larceny from the person. It was undisputed that two men, armed with a dangerous weapon, forcibly took money in the presence of and from the person of the complainant. If a crime was committed at all, it was armed robbery. As there was no dispute on any of the elements of the armed robbery, we think that the court correctly refused the requested instruction. *People* v. *Loncar* (1966), 4 Mich App 281, 290.

Having decided that the court had no duty to instruct on any lesser offense, we turn now to the question of whether the court erred in instructing the jury that the only possible verdicts in the case were either not guilty or guilty of robbery armed. The answer to this question requires us to construe the recent case of *People* v. *Lemmons* (1970), 384 Mich 1. Lemmons was charged with armed robbery and raised the defense of alibi. No request was made for a charge on lesser included offenses and the court instructed the jury as follows:

"There are only two possible verdicts as to each defendant. You may find the defendant, naming them individually, guilty of robbery armed or not guilty. *There are no included offenses.*" (Emphasis supplied.)

In reversing the defendant's conviction, the Court said:

"In *People* v. *Jones* (1935), 273 Mich 430, this Court referred to *People* v. *Allie* (1921), 216 Mich 133, saying that in the latter case this Court had recognized the confusion existing in its previous decisions with respect to whether it constituted error to neglect to charge as to lesser included offenses in criminal cases, modified and, in effect, overruled some of them and established the rule that in the absence of a request to charge, the court does not err in failing to instruct upon the included offenses. In *Jones* this Court went on to say:

" 'However, the rule does not excuse improper instructions. *Here the court did more than fail to charge upon the included offenses. It affirmatively excluded them from the consideration of the jury.* This was error because, under 3 Comp Laws 1929, § 17325, the jury was authorized to find the defendant guilty of a lesser offense.' (The statutory section now is CL 1948, § 768.32 [Stat Ann 1954 Rev § 28.1055])."[3] *Lemmons, supra,* 2, 3.

In the *Jones* case, upon which *Lemmons* relies, there was again no request to charge and the court instructed the jury that:

"In the ordinary rape case, there are several lesser offenses included in the major charge, but that is not the fact in this case. There is only one of them here under the testimony that can possibly have anything—any bearing, and that is rape, because there is no argument about there having been a sexual intercourse, nothing else is involved, and you

---

[3] MCLA § 768.32 (Stat Ann 1954 Rev § 28.1055) provides:

"Upon an indictment for any offense, consisting of different degrees, as prescribed in this chapter, the jury may find the accused not guilty of the offense in the degree charged in the indictment and may find such accused person guilty of any degree of such offense, inferior to that charged in the indictment, or of an attempt to commit such offense."

may bring in only one of two verdicts, guilty as charged, or not guilty." *Jones, supra,* p 431.

At first blush it may seem that the basis of the *Jones* and *Lemmons* decisions was the express, affirmative exclusion of lesser included offenses. The difficulty with this approach is that it is hard to conceive how a lay jury is any less likely to bring in a guilty verdict on a lesser offense when the court expressly prohibits it than when the jurors are simply not told of them; nor does it take into account whether or not there is any evidence to support a charge on lesser offenses. If we hold that the basis of the *Lemmons* decision is simply that a trial judge may not in any case instruct a jury not to consider lesser offenses, then it is tantamount to saying that juries may bring in guilty verdicts on lesser offenses which are totally unsupported by the evidence. We cannot believe that the brief, two-page opinion in *Lemmons* was intended to overrule that long line of cases holding that a trial judge may refuse to charge on lesser offenses where the evidence does not support a finding of guilt as to them. The mere fact of the express, affirmative exclusion standing alone is not the answer.

To further explain this problem the case of *People* v. *Netzel* (1940), 295 Mich 353, is instructive. There, the defendant was charged with assault with a deadly weapon.[4] No request for an instruction on lesser offenses was submitted nor did the evidence support a lesser offense. Accordingly, the trial court gave the following instruction:

"Under the charge that I have given you and under the proofs, as produced, there are only two possible verdicts, one of guilty as charged, the other, not guilty."

---

[4] MCLA § 750.82 (Stat Ann 1962 Rev § 28.277).

In response to the contention that the *Jones* case would require reversal because the charge precluded the jury from considering lesser offenses, a majority of the Court held that *Jones* applies only where there is evidence to support a finding of guilt on a lesser offense.[5] The rule announced in *Netzel*, then, is that although a trial judge need not charge on lesser offenses if there is no request therefor, he may not preclude the jury from considering such offenses if there is evidence on the record to support them. The Court in *Netzel* held that the charge was proper since there was absolutely no evidence to support any lesser offenses. The decision in *Netzel* is, we think, consistent with a proper interpretation of MCLA § 768.32, quoted in footnote 3. This statute does not serve to empower a jury to find a defendant guilty of lesser offenses "for any offense, consisting of different degrees". It is not a power statute at all. Rather, it serves to declare and make clear that a criminal accused may be found guilty of an offense different than the one charged in the indictment provided that offense is a lesser included offense or an attempt. Thus, MCLA § 768.32 is merely declaratory of the longstanding rule that due process notice requirements are not violated by convicting an accused of a lesser included offense since lesser included offenses can have no elements different from those in the principal charge. This interpretation of the statute thus avoids the unacceptable result which would obtain if it were held to be a power statute. Under the latter view, a jury would be empowered to find a defendant guilty of a lesser offense

---

[5] It was said in *Jones,* 431:

"The complaint is that the court did not charge upon the lesser offenses of assault with intent to commit the crime of rape and assault and battery, included in the major offense, although no request for such instruction was made by defendant. *Upon request for such instruction it would have been error to refuse it.*" (Emphasis supplied.)

even though there was absolutely no evidence whatsoever to support the offense.

The crux of the present problem, then, is to determine what effect the decision in *Lemmons* has upon the rules laid down in *Jones* and *Netzel*. As was pointed out above, the defendant in *Lemmons* made no request for an instruction on lesser offenses. The trial court told the jury that there were no included offenses. Under the rationale of *Jones* and *Netzel*, reversal would lie only if there was in fact no evidence to support the lesser offenses. In *Lemmons*, however, the Court did not discuss whether the evidence would support lesser offenses, but merely reversed and remanded for a new trial citing *Jones*. Although it appears from the brief facts as set forth by the Supreme Court and by our Court[6] that there may have been no evidence to support a charge on lesser offenses,[7] we will not undertake to assume that the Court in *Lemmons* so found when to do so would mean that a criminal defendant would be entitled to reversal if a trial judge instructs a jury not to consider lesser offenses which are not supported by the evidence. We therefore hold that *Lemmons* requires a reversal only where: (1.) there is no request for an instruction on lesser offenses; (2.) there is evidence on the record to support a conviction on a lesser offense so that, if requested, it would have been error to refuse to instruct on it; and, (3.) the court affirmatively excludes the jury from considering lesser offenses. As we mentioned above, the practical difference between "affirmative exclusion" and merely failing to tell the jury about

---

[6] *People* v. *Lemmons* (1968), 13 Mich App 268.

[7] The defendant was charged with armed robbery and interposed the defense of alibi. A defense of alibi, *per se*, does not mean that a defendant may not be convicted of a lesser offense. A jury may disbelieve a defendant's alibi but nevertheless find that a disputed element of the principal charge was not proven.

lesser offenses is not clear. It is clear, however, that the entire area of included offenses is in great need of being revisited and restated. Until such time, we are bound to follow the *Lemmons* decision which we believe should be strictly limited to its facts.

In the case at bar we need not decide whether the court's charge was equivalent to an affirmative exclusion since there was no evidence to support a finding of guilt on any lesser offenses and therefore *Lemmons* is inapplicable.

For the foregoing reasons, the defendant's conviction is affirmed.

Affirmed.


DANHOF, J., concurred.


LESINSKI, C. J. (*dissenting*). I am unable to concur with the reasoning advanced in the majority opinion.

The majority holds the purpose of MCLA § 768.32 (Stat Ann 1954 Rev § 28.1055), is to give the criminally accused such notice as would satisfy due process of law that he may be convicted of lesser included offenses without the necessity of notice of such crime in the information. Whether or not the majority has accurately ascertained the legislative intent behind the statute, *circa* 1846, our Supreme Court authoritatively stated the statute gives defendants the right to have the jury instructed on lesser offenses. *People* v. *Allie* (1921), 216 Mich 133.

Lesser included offenses, by definition, are committed when the greater offense is completed. *People* v. *Allie.* So, too, every completed offense must include a successful attempt to commit the crime. *People* v. *Bradovich* (1943), 305 Mich 329. It is not

consistent with these cases to announce that no evidence is presented to support a guilty verdict of some lesser offense merely because the additional elements of the greater offense have been shown.

It has been held that "affirmative exclusion" of lesser offenses from the consideration of the jury is reversible error. *People* v. *Jones* (1935), 273 Mich 430; *People* v. *Guillett* (1955), 342 Mich 1; *People* v. *Lemmons* (1970), 384 Mich 1. The reasoning of these cases seems to be that in the event a jury disbelieves a defendant's alibi defense, it still can find that the prosecution failed to prove every element of the crime charged and return a verdict of guilty of some lesser offense. If that reasoning is sound, then the rule preventing affirmative exclusion of lesser offenses from jury consideration should be expanded to encompass cases where instructions are requested but the trial judge remains silent on included offenses without express limitation of possible verdicts.

Whether or not the trial judge's instructions in the instant case amount to an affirmative exclusion of lesser offenses, it is clear that the jury was prevented from returning such a verdict. Unless a lay jury is apprised of the fact that it can find lesser degrees of guilt, it is effectively prevented from so finding. The presence of an affirmative exclusion, of the type found in *Lemmons*, thus becomes irrelevant. Since I do not read *Lemmons*, *Guillett* and *Jones* to forbid only the express statement "there are no included offenses" relative to requested jury instructions, I submit that it was error to deny the requested instruction in the case at bar.

I vote to reverse and remand to the trial court.