PEOPLE *v.* BROOKS

1. CRIMINAL LAW—INTENT—QUESTION OF FACT.
   Criminal intent is a question of fact to be inferred from all the facts and circumstances disclosed by the testimony.

2. BURGLARY—INTENT—EVIDENCE—SUFFICIENCY.
   An accomplice's testimony that he, the defendant, and two others entered a furniture store with the intent to obtain money and that while they were inside the building, he saw defendant ransacking a desk, and the store owner's testimony that he found papers which had been inside a desk strewn about the floor, was sufficient evidence to establish intent to commit

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 81 *et seq.*
[2] 13 Am Jur 2d, Burglary § 24 *et seq.*
[3] 58 Am Jur, Witnesses § 570.
[4] 53 Am Jur, Trial § 796 *et seq.*

larceny in a prosecution for breaking and entering (MCLA 750.110).

3. BURGLARY—WITNESSES—ACCOMPLICES—LEADING QUESTIONS—DISCRETION.

Permitting the prosecutor to ask defendant's accomplice leading questions concerning the breaking and entering for which defendant was being tried was proper and within the trial court's discretion, where the accomplice was at best an unresponsive witness who had a difficult time in remembering the incident, the prosecutor remarked that he felt the accomplice might even be a hostile witness, and the leading questions asked were not prejudicial to defendant.

4. BURGLARY—INTENT—LARCENY—LESSER INCLUDED OFFENSES—INSTRUCTIONS TO JURY.

Refusal to instruct the jury on the lesser offense of breaking and entering without permission in a prosecution for breaking and entering with intent to commit larceny was error where the evidence of intent to commit larceny was largely the inconsistent testimony of defendant's accomplice, who testified at one point that they thought the building was vacant and that they just wanted to explore it and, at another point, stated that they wanted to get some money MCLA 750.110, 750.115).

Appeal from Kalamazoo, Lucien F. Sweet, J. Submitted Division 3 November 2, 1971, at Grand Rapids. (Docket No. 11551.) Decided December 7, 1971.

Robert Brooks was convicted of breaking and entering with intent to commit larceny. Defendant appeals. Reversed and remanded for new trial.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Donald A. Burge,* Prosecuting Attorney, and *Robert P. Holman,* Assistant Prosecuting Attorney, for the people.

*Charles J. Daudert,* for defendant on appeal.

Before: R. B. BURNS, P. J., and LEVIN and T. M. BURNS, JJ.

T. M. BURNS, J.   From his conviction of the felony of breaking and entering with the intent to commit a larceny, MCLA § 750.110 (Stat Ann 1971 Cum Supp § 28.305), and sentence of 2-1/2 to 10 years in prison, defendant brings this appeal as of right.

On November 11, 1969, the Perfection Bedding Company in Kalamazoo was broken into.  The people's first witness, the owner, testified that the building was closed and locked at the end of the business day; but when he returned the following morning, he found an upstairs window broken and papers, which had been on and inside a desk, strewn about the floor.  Nothing was found missing.

Mr. Larry Williams, after admitting a rather extensive criminal record, testified that he, defendant, and two others went to a furniture place on the night of November 11, 1969.  Williams indicated that he thought the building was empty and they decided to explore it and that Williams, defendant, and one other climbed up on the roof, broke a window, and entered the building.

Williams, who was not charged with a crime arising out of this incident, then testified that one of the others had previously suggested that they go get some money and defendant had suggested the east side of town.  Williams stated that while in the building, he saw defendant walking around the desk and going through the drawers.

The people then called the officer in charge of the case to establish that Williams had not been threatened with the possibility that criminal charges would be brought against him arising out of this incident if he didn't testify at trial.  The people also

called one of the alleged accomplices, who refused to testify because it might incriminate him.

Both the prosecution and defense then rested. Defendant moved for a directed verdict which was denied. The court charged the jury on breaking and entering with intent to commit larceny, but refused to charge the lesser included offense of illegal entry.

Defendant contends that the trial court should have granted the directed verdict. It is the defendant's position that there was insufficient evidence as to the element of intent to support a verdict of guilty of breaking and entering with the intent to commit larceny.

"It has long been the law in the State of Michigan that criminal intent is a question of fact to be inferred from all the facts and circumstances disclosed by the testimony. *People* v. *Griffin* (1889), 77 Mich 585." *People* v. *Gollman* (1966), 3 Mich App 463, 466.

Larry Williams testified that they were out to get some money and that he saw defendant inside the building ransacking a desk. The owner testified that papers which had been inside the desk were strewn about the floor. In our opinion the above testimony, if believed by the jury, is sufficient to establish the element of intent.

Defendant contends, however, that the testimony of Williams could not be believed because much of his testimony was in response to leading questions asked by the prosecutor.

Our review of the record reveals that there were some leading questions asked by the prosecutor. However, it is our opinion that they were not prejudicial to the defendant. It appears that Larry Williams was at best an unresponsive witness. The

prosecutor even remarked while questioning Williams that he felt Williams might even be a hostile witness. It also appears that Williams had a difficult time remembering the incident. Therefore, any leading questions permitted by the trial court, within its discretion, were entirely proper.[1] Since the testimony was not tainted by the leading questions and we have already held that it was sufficient, if believed, to establish the element of intent, we find that the trial court was correct in refusing to grant a directed verdict.

Defendant also contends that it was error for the trial court to refuse to instruct the jury on the crime of breaking and entering without permission.

Larry Williams testified at one point that they thought the building was vacant and that they just wanted to explore it and at another point stated that they wanted to get some money.

Since the finding of intent to commit a larceny was largely based upon Williams' testimony and since his testimony was inconsistent in regard to that intent, the court should have charged the jury as to the lesser included offense of breaking and entering without permission, MCLA § 750.115 (Stat Ann 1962 Rev § 28.310).

It is error to fail to instruct on a legally possible included offense if supported by competent testimony.

" 'A party is entitled to have specific charges upon the law applicable to each of the various hypotheses or combinations of facts which the jury, from the evidence, might legitimately find, and which have not been covered by other instructions.' *People* v. *Parsons* (syllabus), 105 Mich 177." *People* v. *Hoefle* (1936), 276 Mich 428, 431.

---

[1] See McCormick, *Law of Evidence,* § 6, pp 10, 11.

In our opinion the jury might have legitimately found from the evidence that the defendant had only committed the crime of breaking and entering without permission.   It was, therefore, error not to charge the jury as to that crime as requested by the defendant.   There must be a new trial.

Reversed and remanded.

All concurred.