## PEOPLE *v* GREGORY THOMAS

1. CRIMINAL LAW—LESSER INCLUDED OFFENSES—INSTRUCTIONS TO JURY.

   A defendant is entitled to a charge on a lesser included offense if the evidence would justify a jury's concluding that a lesser included offense, not the greater offense charged, was committed.

2. LARCENY—ATTEMPTED LARCENY—ELEMENTS.

   The elements of attempted larceny are the felonious intent to commit a larceny and an overt act going beyond mere preparation towards its commission.

3. LARCENY—ATTEMPTED LARCENY—INSTRUCTIONS TO JURY.

   Refusal to instruct the jury on the lesser included offense of attempted larceny was not error where all the evidence showed that defendant committed the greater offense of larceny from the person, and there was no evidence from which the jury could have reasonably concluded that the defendant did not go beyond the attempt stage.

4. LARCENY—ASPORTATION—EVIDENCE.

   Larceny victim's concession that some of the money which defendant took from the victim's pocket may have dropped to the ground rather than have reached defendant's pocket did not negate the evidence showing that there was an asportation of the victim's money and that the completed offense of larceny from the person had been committed.

5. LARCENY—EVIDENCE—ELEMENTS OF CRIME.

   Eyewitness's concession that he had no way of knowing what, if anything, the defendant took from the victim's pocket,

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 3, 6] 50 Am Jur 2d, Larceny §§ 174, 175.
[2, 5] 50 Am Jur 2d, Larceny §§ 9–54, 139'.
[4] 50 Am Jur 2d, Larceny §§ 15–21.

although the witness had observed defendant reaching into the victim's pocket, does not mean that there was uncertainty whether the evidence established the offense of larceny because each witness need not establish all elements of the crime charged.

6. CRIMINAL LAW—ATTEMPT—INSTRUCTIONS TO JURY.

Every defendant in every case is not statutorily entitled to a jury instruction on an attempt to commit the offense charged (MCLA 768.32).

Appeal from Recorder's Court of Detroit, Henry L. Heading, J. Submitted Division 1 January 6, 1972, at Detroit. (Docket No. 12057.) Decided February 25, 1972. Leave to appeal denied, 387 Mich 794.

Gregory L. Thomas was convicted of larceny from the person. Defendant appeals. Affirmed.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, *William L. Cahalan*, Prosecuting Attorney, *Dominick R. Carnovale*, Chief, Appellate Department, and *Gerard A. Poehlman*, Assistant Prosecuting Attorney, for the people.

*Arthur J. Tarnow*, State Appellate Defender, for defendant.

Before: LEVIN, P. J., and HOLBROOK and BRONSON, JJ.

LEVIN, P. J. The defendant, Gregory L. Thomas, was convicted by a jury of the offense of larceny from the person. MCLA 750.357; MSA 28.589. The defense was alibi.

The trial judge charged the jury that there were three possible verdicts: (1) guilty of larceny from

the person, (2) guilty of the lesser offense of simple larceny, and (3) not guilty. He refused to charge that the defendant could be convicted of the lesser offenses of attempt to commit larceny from the person or attempt to commit simple larceny.

The defendant's reliance on *People v Lemmons,* 384 Mich 1 (1970), is misplaced. *Lemmons* is an exception to the general rule that it is not error to fail to charge on included offenses in a case where the defendant has not requested such a charge. It has been said that the exception recognized in *Lemmons* is that where a defendant is entitled to a charge on a lesser offense it is error affirmatively to exclude the lesser offense from the jury's consideration even if there is no request to charge.[1]

Here we are not confronted with the question of whether in the particular circumstances presented instructional error should be recognized on appeal even though there was a failure to request a charge; Thomas's lawyer requested a charge on lesser offenses and the request was refused. We are, rather, confronted with the antecedent question of whether Thomas was entitled to such a charge at all.

The rule is that entitlement to a charge on a lesser included offense largely turns on whether, on view of the evidence favorable to the defendant, there is evidence which would justify the jury in concluding that the greater offense was not committed and a lesser included offense was committed.[2]

---

[1] *People v Membres,* 34 Mich App 224, 232–233 (1971).

[2] See *People v Loncar,* 4 Mich App 281, 289 (1966); *People v Trilck,* 25 Mich App 634 (1970); *People v Membres, supra,* p 228; *People v Hearn,* 354 Mich 468 (1958).

Similarly, see Model Penal Code (Proposed Official Draft, May 4, 1962), § 1.07(5), pp 12–13.

As appears from the majority and dissenting opinions in *Sparf v United States,* 156 US 51; 15 S Ct 273; 39 L Ed 343 (1895), and *Berra v United States,* 351 US 131; 76 S Ct 685; 100 L Ed 1013

The elements of attempted larceny are the felonious intent to commit a larceny and an overt act going beyond mere preparation towards its commission.[3] In this case all the evidence showed that there was a completed larceny. There was no evidence from which the jury could reasonably have concluded that the defendant may not have gone beyond the attempt stage. The judge did not err in refusing to give the jury the option of convicting the defendant of an attempt to commit a larceny.[4]

The victim was an invalid who was selling newspapers from a three-wheel bicycle. He testified that he was accosted by the defendant who reached into the victim's pocket and took all his money. Although the victim conceded that *some* of the money may have dropped to the ground that does not negate the evidence showing that there was an asportation.[5] The concession that some of the money might not have reached the defendant's pocket does not tend to show that the completed offense of larceny from the person may not have been committed.

An eyewitness observed the assault and the defendant reaching into the victim's pocket. The witness conceded that he had no way of knowing what, if anything, the defendant took from the victim's pocket. Merely because all the witnesses are unable

(1956), at stake is nothing less than such fundamental matters as the prosecutor's charging discretion, the court's power to control the jury, and the jury's power to acquit the guilty in the face of the evidence. See Van Dyke, *The Jury as a Political Institution*, 3 The Center Magazine 17 (Mar–Apr, 1970). See, also, *Sansone* v *United States*, 380 US 343, 349; 85 S Ct 1004; 13 L Ed 2d 882 (1965).

3 *People* v *Bowen*, 10 Mich App 1, 7 (1968).
4 *People* v *Loncar*, *supra*, fn 2.
5 See *People* v *Royce Alexander*, 17 Mich App 30, 32 (1969), where we said that "any movement of the goods is sufficient to constitute an asportation", and held that a movement of the goods by the victim under the direction of the defendant should be imputed to the defendant so as to supply the necessary asportation.

to establish all the elements of the crime does not mean that there is uncertainty whether the only evidence establishes a completed offense.[6]

In this case there is no inconsistency in the testimony on the factual issue of whether the greater or a lesser offense was committed.[7] Nor is this a case where it would have been reasonable to infer from the evidence—disputed or undisputed—that either the greater or the lesser offense was committed.[8] In

[6] Contrast *People v Jessie Williams*, 14 Mich App 186, 188 (1968), where there were other participants in an affray besides the defendant and it was not clear whether the defendant was part of the criminal concert of action charged in the information—armed robbery—or merely an opportunist who seized some of the fruits and, therefore, was guilty only of the lesser offense of larceny from a person.

[7] See, *e.g.*, *People v Jessie Williams*, *supra*, p 188; *People v Blevins*, 30 Mich App 72, 75 (1971); *People v Brooks*, 37 Mich App 403 (1971). In *Brooks* the defendant was convicted of breaking and entering with intent to commit a larceny. A confederate testified that the men involved in committing the charged offense thought the building they broke into was vacant and they just wanted to "explore" it. Later he testified that they wanted to obtain some money. We reversed because the judge refused to charge on breaking and entering without permission. We observed:

"Since the finding of intent to commit a larceny was largely based upon [the confederate's] testimony and since his testimony was inconsistent in regard to that intent, the court should have charged the jury as to the lesser included offense of breaking and entering without permission, MCLA 750.115; MSA 28.310.

"It is error to fail to instruct on a legally possible included offense if supported by competent testimony.

" 'A party is entitled to have specific charges upon the law applicable to each of the various hypotheses or combinations of facts which the jury, from the evidence, might legitimately find, and which have not been covered by other instructions.' *People v Parsons* (syllabus), 105 Mich 177 (1895); *People v Hoefle*, 276 Mich 428, 431 (1936)."

In *Sansone v United States*, *supra*, pp 349–350, the United States Supreme Court said:

"[A] lesser-offense charge is not proper where, on the evidence presented, the factual issues to be resolved by the jury are the same as to both the lesser and greater offenses. [Citations omitted.] In other words, the lesser offense must be included within but not, on the facts of the case, be completely encompassed by the greater. A lesser-included offense instruction is only proper where the charged greater offense requires the jury to find a disputed factual element which is not required for conviction of the lesser-included offense."

[8] See, *e.g.*, *People v Simpson*, 5 Mich App 479, 486 (1966); *People v Norman*, 14 Mich App 673, 675–676 (1968); *People v John Willie*

this case the evidence is all consistent in establishing that only the greater offense was committed; it would not have been reasonable to infer from the evidence that a lesser attempted offense was committed. See *People* v *Tyrone Williams*, 38 Mich App 146 (1972).

Implicit in the long-established rule, recently reiterated by the Michigan Supreme Court,[9] that it is not error to refuse to charge on a lesser offense which is not supported by the evidence, is the Court's rejection of the contention advanced by Thomas that MCLA 768.32; MSA 28.1055 entitles every defendant in every case to a charge on "an attempt to commit such offense" either because the statute so states or because "every completed offense must include a successful attempt to commit the crime"[10] or because a jury may believe such portion of a witness's testimony as it chooses to believe and discard the balance.[11] It is obvious, in the light of the present

---

*Williams*, 26 Mich App 218 (1970). In *Williams* we reversed a conviction of second-degree murder because the jury was not instructed on the lesser included offense of manslaughter. Even though the defendant claimed innocence and failed to claim mitigation, the jury could have reasonably inferred from the circumstantial evidence adduced by the people that the defendant was the killer but that the crime committed was manslaughter, not murder.

[9] *People* v *Phillips*, 385 Mich 30, 36 (1971).

[10] *People* v *Membres*, *supra*, p 233 (Lesinski, C. J., *dissenting*).

[11] If the belief-in-part/disbelief-in-part rationale applied in deciding entitlement to a charge on lesser offenses, without regard to whether the people's witnesses or their testimony is impeached, the judge would be required to charge on lesser included offenses in every case; e.g., on attempt in every case, on unarmed robbery in every armed robbery case, and perhaps even on involuntary manslaughter (gross or criminal negligence) in every felony murder case. See *United States* v *Markis*, 352 F2d 860, 867 (CA 2, 1965), where the Court said:

"The mere fact that the jury was still free to disbelieve this portion of the agent's testimony does not elevate the issue to a truly 'disputed' one; in the language of the Model Penal Code § 1.07 (5) (1962), it does not provide 'a rationale basis for a verdict acquitting the defendant of the offense charged and convicting him of the included offense.' Model Penal Code § 1.08 comment, at 42–43 (Tent. Draft No 5, 1956). This hits the essential point. The

case law concerning entitlement to a charge on lesser offenses,[12] that Thomas's argument has not prevailed in the councils of the Supreme Court. If the law is to be changed the Supreme Court must change it.

Affirmed.

All concurred.

---

lesser-included offense charge is not required simply because the jury could exercise its power of acquitting on the greater charge for no reason at all 'in the teeth of both law and facts,' *Horning* v *District of Columbia,* 254 US 135, 138; 41 S Ct 53–54; 65 L Ed 185 (1920); there must be a rational basis for its doing so. Precisely this, we think, is the distinction between *Sparf* v *United States,* 156 US 51, 63–64; 15 S Ct 273; 39 L Ed 343 (1895), and *Stevenson* v *United States,* 162 US 313, 315, 322–323; 16 S Ct 839; 40 L Ed 980 (1896), both cited by the Court with apparent approval in the recent cases of *Berra* [v *United States,* 351 US 131; 76 S Ct 685; 100 L Ed 1013 (1956)] and *Sansone* [v *United States,* 380 US 343; 85 S Ct 1004; 13 L Ed 2d 882 (1965)]."

Where a witness's testimony on an essential element of the greater offense is the only evidence of that element and his testimony concerning that element is impeached by showing that he made a statement inconsistent with his testimony or by showing that he did not have the capacity to observe the matter related, or the like, the defendant would be entitled to a charge on a lesser included offense not involving that element. *Quaere* whether the defendant would be entitled to such a charge if the witness's testimony is not impeached but the witness is generally impeached by evidence, say, that he is untrustworthy, interested in the outcome, biased, or the like?

12 See *People* v *Membres, supra,* p 231.