PEOPLE v HENRY

Opinion of the Court

1. Burglary—Breaking and Entering—Intent to Commit Larceny —Lesser Included Offenses.

The offense of breaking and entering with intent to commit larceny includes the lesser offenses of entering a building without breaking, and entering a building without breaking and without permission, but where it is clearly established at trial that there was a breaking, the lesser included offenses cannot be supported by the evidence (MCLA 750.110, 750.111, 750.115).

2. Arrest—Peace Officer—Without Warrant—Reasonable Cause.

A peace officer may arrest a person without a warrant when a felony has been committed and he has reasonable cause to believe that such person committed it, and where an officer saw that a window had been broken in a tavern, heard the back door shut, and saw the defendant fleeing from the back of the building, he had reasonable cause to believe that a felony had been committed and that defendant had committed it.

Dissent by Levin, J.

3. Criminal Law—Instructions to Jury—Included Offenses—Supporting Evidence.

*It is reversible error for a judge to instruct a jury that there are no included offenses even though there is no evidence which would justify the jury in bringing in a verdict for a lesser included offense and even though there was no objection voiced by the defendant's trial lawyer to the charge as given.*

Appeal from Berrien, Karl F. Zick, J. Submitted

References for Points in Headnotes
[1] 13 Am Jur 2d, Burglary §§ 1, 50.
[2] 5 Am Jur 2d, Arrest § 25.
[3] 53 Am Jur, Trial § 800.

Division 2 June 7, 1973, at Grand Rapids. (Docket No. 11101.) Decided January 16, 1973. Leave to appeal granted, 389 Mich 797.

Edward Henry, Jr., was convicted of breaking and entering with intent to commit larceny. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Ronald J. Taylor,* Prosecuting Attorney, and *John A. Smietanka,* Assistant Prosecuting Attorney, for the people.

*Thomas R. Fette,* for defendant on appeal.

Before: R. B. BURNS, P. J., and LEVIN and TARGONSKI,* JJ.

TARGONSKI, J. The defendant was convicted by a jury of breaking and entering with intent to commit larceny in violation of MCLA 750.110; MSA 28.305. He was sentenced to serve from seven to ten years for the offense.

The defendant's conviction arose out of the breaking and entering of Lenny's Tavern on the morning of July 17, 1970. The arresting officer testified that at approximately 5:20 a.m., while on patrol, he noticed that the window of the tavern was broken. After he got out of his car to investigate, he apprehended the defendant who was running from the back of the tavern. An investigation of the premises revealed that the juke box had been pried open and the money bag was on the floor. The defendant claimed that he was merely standing in the area and that the police had mistakenly arrested him instead of the real culprit.

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

The defendant's principal claim of error is that the trial court committed prejudicial error by affirmatively excluding lesser included offenses from the jury's consideration. Thus, the familiar *Lemmons*[1] argument faces this Court once again.

The pertinent portion of the court's instruction reads as follows:

"There are no included offenses in this case, because the evidence is practically undisputed—and the defendant is not seriously contending otherwise—the evidence is undisputed that there was a breaking and entering of Lenny's Tavern with intent to commit a larceny; so there is no automatic included offense. In some cases we do have included offenses."

Defense counsel failed to request an instruction on lesser included offenses nor did he object to the court's charge as given.

This Court held in *People v Membres,* 34 Mich App 224, 232 (1971):

"that *Lemmons* requires a reversal only where: (1) there is no request for an instruction on lesser offenses; (2) there is evidence on the record to support a conviction on a lesser offense so that, if requested, it would have been error to refuse to instruct on it; and, (3) the court affirmatively excludes the jury from considering lesser offenses."

It is clear that requirements (1) and (3) of *Membres* have been satisfied in the present case. As to number (1), defense counsel never requested an instruction on lesser offenses. The court also used the magic words, prohibited by *Lemmons, supra,* that "there are no included offenses". Therefore, the pivotal question which must be resolved is

---

[1] *People v Lemmons,* 384 Mich 1 (1970).

whether there was evidence to support a conviction on a lesser offense.

This Court has held that the offense of breaking and entering with intent to commit larceny includes the lesser offenses of entering a building without breaking, and entering a building without breaking and without permission. *People v Simpson,* 5 Mich App 479 (1966); *People v Blevins,* 30 Mich App 72 (1971); *People v Herbert Van Smith Jr,* 30 Mich App 384 (1971).

The defense of the defendant in the instant case was simply that he did not commit the crime. The evidence adduced at trial proved conclusively that the front window of the tavern had been smashed. Consequently, since it was clearly established at trial that there was a breaking, the lesser included offenses could not be supported by the evidence. *People v Tiszae,* 23 Mich App 114 (1970). Therefore, the trial court did not err in excluding the lesser included offenses from the consideration of the jury.

The defendant also contends that the arrest warrant was issued without a showing of probable cause. However, it is well settled in this state that a peace officer may arrest a person without a warrant when a felony has been committed and he has· reasonable cause to believe that such person committed it. MCLA 764.15; MSA 28.874; *People v Griffin,* 33 Mich App 474 (1971). In the instant case, the proof established that the officer had reasonable cause to believe a felony had been committed when he saw the window had been broken. It is equally clear that the officer had reasonable cause to believe that the defendant committed the crime when he heard the back door shut and saw the defendant fleeing from the back

of the building. Therefore, we find that the arrest
was valid without a warrant.

Affirmed.

R. B. BURNS, P. J., concurred.

LEVIN, J. *(dissenting).* In *People v Lemmons,* 384
Mich 1, 2 (1970), the defendant's conviction of
armed robbery was reversed by the Michigan Su-
preme Court because the trial court had instructed
the jury as follows:

"There are only two possible verdicts as to each
defendant. You may find the defendant, naming them
individually, guilty of robbery armed or not guilty.
*There are no included offenses."* (Emphasis supplied.)

Lemmons' conviction was reversed even though,
and I quote from the Supreme Court's opinion,
Lemmons "made no request at trial that the lesser
included offenses be included in the charge". The
Court relied on its earlier decision in *People v
Jones,* 273 Mich 430, 432 (1935), where it·had said:

"Here the court did more than fail to charge upon
the included offenses. It *affirmatively excluded* them
from the consideration of the jury." (Emphasis sup-
plied.)

The majority distinguish *Lemmons* on the au-
thority of the second clause of the following pas-
sage from *People v Membres,* 34 Mich App 224,
232 (1971):

"that Lemmons requires a reversal only where: (1)
there is no request for an instruction on lesser offenses;
(2) *there is evidence on the record to support a convic-
tion on a lesser offense so that, if requested, it would
have been error to refuse to instruct on it;* and, (3) the

court affirmatively excludes the jury from considering lesser offenses." (Emphasis supplied.)

The clause (2) *Membres* limitation makes good sense. As we said in *People v Gregory Thomas,* 38 Mich App 777, 779 (1972):

"The rule is that entitlement to a charge on a lesser included offense largely turns on whether, on view of the evidence favorable to the defendant, there is evidence which would justify the jury in concluding that the greater offense was not committed and a lesser included offense was committed."

I dissent because we are not at liberty to inject reason or cognate principles in the application of the *Lemmons* rule. We are duty-bound to apply this rule as the Supreme Court of Michigan applies it whether or not we believe the rule to be sound.

An examination of our Court's opinion in *Lemmons (People v Lemmons,* 13 Mich App 268, 269 [1968]) and the records and briefs filed in the Supreme Court in that case reveals that in *Lemmons,* as in this case of *Henry,* there was no evidence that a lesser offense had been committed. The defense in *Lemmons,* as stated by our Court, was that Lemmons "was not one of those present at the scene who perpetrated the crime". Lemmons' brief filed with the Supreme Court is even more explicit: "We submit that it was erroneous for the court to instruct the jury that there are no included offenses, even though the facts in this case may not have supported any".

It is apparent that under *Lemmons* it is reversible error for a judge to instruct a jury that there are no included offenses even though there is no evidence which would justify the jury in bringing in a verdict for a lesser included offense and even

though there was no objection voiced by the defendant's trial lawyer to the charge as given.

In this case the judge charged the jury:

"There are no included offenses in this case * * * " (see majority opinion for full text)

and, therefore, even though the defendant's lawyer failed to object and there was no evidence which would support a verdict convicting the defendant of a lesser offense, we are obliged to reverse.